Pope v. State.—Syllabus.

---

WILLIS POPE, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

1. In a criminal prosecution a defendant has a right to plead guilty; and the effect of such a plea is to authorize the imposition of the sentence prescribed by law upon a verdict of guilty of the crime sufficiently charged in the indictment or information.

2. A plea of guilty should be entirely voluntary by one competent to know the consequences, and should not be induced by fear, misapprehension, persuasion, promises, inadvertence or ignorance.

Fla.—6

3. While the trial court may exercise discretion in permitting or refusing to permit a plea of guilty to be withdrawn for the purpose of pleading not guilty, yet such discretion is subject to review by an appellate court.

4. A defendant should be permitted to withdraw a plea of guilty given unadvisedly when application therefor is·duly made in good faith and sustained by proofs, and proper offer is made to go to trial on a plea of not guilty.

5. The law favors trials on the merits; and if the discretion of the trial court is abused in denying leave to withdraw a plea of guilty and to go to trial on the merits, the appellate court may interfere.

6. Where a defendant deliberately pleads guilty to a criminal charge under circumstances that should reasonably have prompted him and his counsel to be prepared to meet the charge, and no motion is made for leave to withdraw the plea of guilty till after the State witnesses have been discharged, and there is no direct allegation or proof that the plea was entered under mental weakness, mistake, surprise, misapprehension, fear, promise or other circumstances that put the defendant at a disadvantage in protecting his rights, the discretion of the trial court is not shown to have been abused in refusing permission to withdraw the plea of guilty.

7. Where a bill of exceptions is made up and authenticated under Special Rule 3 and the bill of exceptions does not contain an authenticated statement that all the evidence is included therein, such bill of exceptions will under the rule be treated as not embracing all the evidence.

This case was decided by Division A.

Writ of Error to the Circuit Court for Levy County.

The facts in the case are stated in the opinion of the court.

*John R. Willis, Fred Cubberly and O. T. Green,* for plaintiff in error;

No appearance for the State.

WHITFIELD, J.—The plaintiff in error pleaded guilty to an indictment for assault with intent to murder Gus Elliott. The next day he presented a motion for leave to withdraw his plea of guilty and to file a plea of not guilty, and for process for witnesses. In an affidavit in support of the motion he deposed that he was duly arraigned "without his attorneys being in court or being sent for, and without the advice of counsel, and plead guilty to said charge, but that in doing so, he understood that he was only pleading guilty to the charge of shooting Gus Elliott, which affiant admits that he did, but avers that he did so in self defense." The State Attorney presented an affidavit stating that the grand jury returned a true bill against defendant pending the trial of a civil case, and that he then announced in open court that all defendants under bond would be arraigned immediately upon the conclusion of the civil case then being tried; that when defendant was called for arraignment on the same day he failed to answer, his bond was estreated, and he was then brought into court by the sheriff, "whereupon the defendant was duly arraigned in open court and plead guilty as charged, and deponent asked defendant a second time if he desired to plead guilty and defendant answered, he did, and afterwards asked deponent if he could say something to the court, and deponent told him he could before he was sentenced. That this deponent never had any conversation whatever with defendant before the arraignment." Counsel for the defendant presented an affidavit stating he had spoken to the State Attorney about defending accused, but he did

not deny that the announcement as to arraignment was made in open court as deposed by the State Attorney; and offered no good reason for not being in attendance on the court when the defendant was arraigned.

The order of the court denying the motion is as follows: "This motion coming on to be heard and the same considered by the court is denied, the counsel John R. Willis, was not in the court room when the defendant was arraigned, but he, as well as all attorneys were notified in open court on said day that they should remain in court as the court would not delay to send for them; that when this case was called the defendant failed to appear, and an alias capias was issued, and the defendant brought into court, and when arraigned showed no signs of excitement, but seemed to fully understand the proceedings when arraigned, and promptly answered "guilty" and begged the mercy of the court, and no motion to be allowed to withdraw such plea was made until after the State's witnesses had been discharged; the defendant was not interrupted by the State's Attorney while he was making such plea, but after he had been told by the State's Attorney to take his seat, said he wanted to state all the facts to the court, and beg mercy, and the State's Attorney then said to him that he could do this before he was sentenced.

J. T. WILLS, Judge."

In a criminal prosecution a defendant has a right to plead guilty; and the effect of such a plea is to authorize the imposition of the sentence prescribed by law upon a verdict of guilty of the crime sufficiently charged in the indictment or information. The plea should be entirely voluntary by one competent to know the consequences, and should not be induced by fear, misapprehension, persuasion, promises, inadvertence or ignorance. 12 Cyc. 353. While the trial court may exercise discretion in

permitting or refusing to permit a plea of guilty to be withdrawn for the purpose of pleading not guilty, yet such discretion is subject to review by an appellate court. A defendant should be permitted to withdraw a plea of guilty given unadvisedly when application therefor is duly made in good faith and sustained by proofs, and proper offer is made to go to trial on a plea of not guilty.

The law favors trials on the merits; and if the discretion of the trial court is abused in denying leave to withdraw a plea of guilty and to go to trial on the merits, the appellate court may interfere. See Krolage v. State, 224 Ill. 456, 79 N. E. Rep. 570; Gardner v. State, 106 Ill. 76. But when, as in this case, a defendant deliberately pleads guilty to a criminal charge under circumstances that should reasonably have prompted him and his counsel to be prepared to meet the charge, and no motion is made for leave to withdraw the plea of guilty till after the state witnesses have been discharged, and there is no direct allegation or proof that the plea was entered under mental weakness, mistake, surprise, misapprehension, fear, promise, or other circumstances that put the defendant at a disadvantage in protecting his rights, the discretion of the trial court is not shown to have been abused. State v. Yates, 52 Kan. 566, 35 Pac. Rep. 209, and see authorities cited in notes to 8 Am. & Eng. Ann. Cases, 237; Bishop's New Crim. Pro. 798; Conover v. State, 86 Ind. 99.

The bill of exceptions does not state that it contains all the testimony presented on the motion. See Special Rule 3 of the Rules of the Supreme Court, and note thereto in 51 Fla. Reports. Under the rule the bill of exceptions may be treated as not embracing all the evidence. Albritton v. State, 54 Fla. 6, 44 South. Rep. 745. But if all the evidence is presented here, it is not

sufficient to show abuse of discretion by the trial court under the circumstances of this case.

This disposes of the only contention made here.

The judgment is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.