J. E. BRITTON, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

### Opinion Filed December 1, 1914.

It is not error to refuse leave to withdraw a plea of guilty voluntarily entered, upon an admission by the accused of facts conclusively and fully making out the offense.

Writ of Error to Circuit Court for Citrus County; W. S. Bullock, Judge.

Judgment affirmed.

*H. J. Dame,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

COCKRELL, J.—The plaintiff in error was convicted of the crime of perjury and sentenced to the State prison for fourteen months.

While the record before us is somewhat confused, we find that upon arraignment Britton offered to plead guilty, but the court declined to entertain the plea until his attorney could be brought into court. Afterwards in the presence of his counsel and after the effects of the plea were fully explained to Britton, he again tendered the plea of guilty, and it was accepted.

Before the passing of the sentence, Britton moved that he be permitted to withdraw his plea of guilty and to plead not guilty. Upon being examined by the court upon this motion, he testified in effect that his attorney in the civil case, out of which this charge of perjury arose, told him it would be necessary for him to perjure

himself in order to win the case, and that therefore he had sworn falsely. He does not claim that his attorney advised him that the false testimony would not be perjury, assuming that such advice might palliate or excuse the offense, but merely that false swearing was essential to the competency of certain evidence upon which he wished to rely.

It does not appear that Britton was induced to plead guilty upon the advice of the attorney who was alleged to have advised as it were, the commission of the offense; on the contrary he had other counsel when his plea of guilty was entered, and there had been a complete breach with his former counsel.

We do not understand upon what theory a judge should be held in error for refusing to set aside a plea of guilty upon the admission of facts conclusively and fully making out the crime. Pope v. State, 56 Fla. 81, 47 South. Rep. 487, 16 Ann. Cas. 972.

Judgment affirmed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.