### HENRY ARTIGAS and JOE PARDO v. STATE.

192 So. 795
Opinion Filed November 14, 1939
Rehearing Denied January 18, 1940

672

*Whitaker Brothers,* and *McArthur & Akerman,* for Plaintiffs in Error;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Defendant in Error.

CHAPMAN, J.—On the 20th day of February, 1939, Henry Artigas, Joe Pardo, George B. Anderson and Sam State were informed against in the Criminal Court of Record of Hillsborough County, Florida, on two counts, one of which charged them with conducting a lottery contrary to law and in the second count they were charged with the possession of implements and devices necessary to conduct a lottery. On March 6, 1939, upon arraignment, the defendants entered pleas of not guilty, but at a subsequent date when a jury was being empanelled to try them, plaintiffs in error withdrew their pleas of not guilty and entered pleas of

guilty. with the understanding that the pending charges against George B. Anderson and Sam State be *nolle prosequi,* which was done on the motion of the State.

The trial court sentenced each of the defendants on March 13, 1939, to pay a fine of $750.00 and to serve for a period of fifteen months in the State prison at hard labor, and in default of the payment of said fine, they would be required to serve nine additional months in the State prison under the first count of the information but were not sentenced under the second count, and on the 15th day of March the defendants filed their motion or petition to withdraw their pleas of guilty and be permitted or allowed to interpose pleas of not guilty, which motion was by the lower court overruled and denied. Plaintiffs in error sued out writ of error and have perfected their appeal to this Court and the order denying the motion to withdraw pleas of guilty and to enter pleas of not guilty is assigned and argued as reversible error.

The sworn motion or petition of defendants to withdraw the pleas of guilty and to enter pleas of not guilty to each count of the information recited that the pleas of guilty were entered through: (a) fear in that they were informed that a certain State witness then in court was prepared to testify and would testify to any facts necessary to secure a conviction of plaintiffs in error; (b) that a publicity crusade in Hillsborough County against gambling had so inflamed the minds of the people until it was impossible to obtain a fair trial; (c) the defendants were taken by surprise in this: that at the time of the filing of the pleas of guilty the trial court had never prior thereto imposed a sentence of imprisonment for gambling and the defendants below, relying upon this record, entered the pleas with the impression or belief that the trial court would enter such a sentence as

would permit or allow them to pay a fine rather than serve a term in prison; (d) that the defendants are ignorant and illiterate Latins and do not have an accurate knowledge of court procedure or of the English language and the pleas of guilty were obtained by fear, ignorance of court procedure and were of the opinion that they would be allowed to pay a fine when the pleas were filed and were told that the court had never imposed imprisonment for similar charges.

Mr. McArthur, of counsel for plaintiffs in error, filed an affidavit setting up a detailed statement of the facts from the date of entering the pleas of not guilty on the 6th day of March, 1939, the facts surrounding the beginning of the trial, conferences with the county attorney, and the entry of the pleas of guilty and the sentence of the court entered on March 13, 1939, until the 15th day of March, 1939, when application was made to withdraw the pleas of guilty and after a sentence of imprisonment and fine had been entered by the trial court against the defendants.

The trial court likewise entered a lengthy order in which all the material facts connected with the filing of the pleas of not guilty, the withdrawal thereof and the entry of pleas of guilty and the quashing of the information on the motion of the State against Anderson and State were set out in meticulous detail. The court cited authorities upon which he based his ruling denying the motions to withdraw the pleas of guilty and proceed to trial. It is not necessary to set out *in extenso* the motion, affidavits and order of the court in disposing of the case at bar.

The law controlling the case at bar is well settled in Florida. The rule or doctrine previously enunciated by this Court is that a plea of guilty when entered would be entirely voluntary by one *competent* to know the conse-

quences of such a plea and the entering of a plea of guilty should not be induced by fear, misapprehension, persuasion, promises, inadvertence or ignorance. See Pope v. State, 56 Fla. 81, 47 So. 487, 16 Ann. Cas. 972; Britton v. State, 68 Fla. 438, 67 So. 142; Clay v. State, 82 Fla. 83, 89 So. 353; Nickels v. State, 86 Fla. 208; 98 So. 502; Brown v. State, 92 Fla. 592, 109 So. 627; Sinclair v. State, 133 Fla. 77, 182 So. 637.

It is likewise settled that the law favors trials on the merits and if the discretion of the trial court is abused in denying leave to withdraw a plea of guilty and to go to trial on the merits the appellate court may interfere. (See Pope v. State, 56 Fla. 81, 47 So. 487).

It is clear that there did not exist between counsel of record for plaintiffs in error and the county solicitor an agreement as to the punishment that the trial court would impose when the pleas of guilty were entered. The court at no time, as shown by the record, ever intimated to counsel for plaintiffs in error the extent of punishment that would be imposed by him after the pleas of guilty were entered. It is true that the trial court in similar cases before him had never imposed a prison sentence and no doubt the defendants and their counsel were relying on his then existing record as to imposing fines and not prison sentences which influenced them in a degree to withdraw their pleas of not guilty and enter pleas of guilty and it is impossible that the entry of imprisonment sentences by the trial court, different from any previous judgment of the same court for similar offenses, justified their conclusion that they were taken by surprise at this change in procedure. This principle of law was enunciated in the case of Pope v. State, *supra*.

It has been pointed out that the plaintiffs in error are illiterate Latins, and while having a superficial knowledge

of the English language and its use and could speak the language in a limited manner, nevertheless this knowledge of English was not such that they could thoroughly comprehend and fully understand court proceedings when placed upon trial under the charges contained in the information. The trial court recited in his order denying the motion to withdraw the pleas a discussion in English on the part of the plaintiffs in error.

It is further suggested that the plaintiffs in error were placed in fear, which influenced them to withdraw pleas of not guilty and enter pleas of guilty, about the possible testimony of a State witness then in court to the effect that he would testify to such facts as were necessary to convict, whether true or untrue. While this may be the conclusion of the pleader and the opinion of the affiants, it does not appear to have been considered by the trial court or the order made fails to contain a reference thereto.

We fail to find merit in the contention that a publicity crusade was then being maintained against gambling and the result thereof so inflamed the minds of the people that it was impossible to obtain a jury that would render an impartial verdict. We are inclined to view that such a contention is the conclusion of the pleader and if a crusade existed in Hillsborough County against lawlessness, such efforts are to be commended rather than to censure the people when they honestly strive to have and maintain a lawful atmosphere in which to live or reside and rear their children.

In addition to what we have said, we may add that the motion to be allowed to withdraw the plea and enter a plea of not guilty, which was verified under oath, alleges in effect that the defendants are ready and willing to immediately go to trial and also alleges: "That they are not guilty of

the offense to which they have entered pleas of guilty and that they have a meritorious defense to such charges."

While the law favors trial on the merits, and this is a borderline case, the possible fears of plaintiffs in error, their ignorance of English and court procedure, the imposition of prison sentences on the part of the trial court different from previous offenses over which he presided, we are of the opinion, because of the peculiar circumstances of this case, that in the furtherance of justice the judgments appealed from should be reversed and plaintiffs in error immediately be placed upon trial under the information now before the court.

The judgment appealed from is reversed and a new trial awarded.

WHITFIELD and BUFORD, J. J., concur.

BROWN and THOMAS, J. J., dissent.

Justice TERRELL not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.