HORACE CANADA v. STATE
198 So. 220
Division A
Opinion Filed October 25, 1940

634

*George S. Okell,* for Appellant;

*George Couper Gibbs,* Attorney General, and *William Fisher, Jr.,* Assistant Attorney General, for Appellee.

BUFORD, J.—Appellant, with others, was informed against charged with the offense commonly called armed robbery. At the same time the same others were likewise informed against for the offense of another armed robbery and the appellant was in that information charged with being an accessory after the fact.

All accused being arraigned at the same time on both informations, all pleaded guilty. Appellant was adjudicated guilty under both charges and sentenced to serve five years in State prison under each judgment, the second sentence to begin to run at the end of the first sentence.

Informations were filed immediately after arrest and arraignment, pleas and judgment occurred on the same day informations were filed.

Defendant did not have the benefit of counsel before arraignment and plea.

Pleas and judgment was entered on Friday, May 31, 1940.

On June 4, 1940, Horace Canada, having consulted and employed counsel, filed his motion to vacate the judgment and to be allowed to withdraw his plea of guilty and to enter his plea of not guilty, alleging four grounds upon which he relied, viz.:

"1. The attached affidavits.

"2. That the record of the proceedings shows that the defendant was under a misapprehension as to the charges

that were made against him, and that he thought he was only pleading guilty to case No. 8214 on a charge of armed robbery, in which he was charged as a principal in the robbery of what is known as the Barborossa Distributing Company, Miami, Florida, and did not realize that he was also charged in the present case No. 8215 as an accessory after the fact, and further did not know what 'an accessory after the fact' meant.

"3. It is apparent from an examination of the record that there were so many defendants that the Court did not understand and realize that Horace Canada was charged as an accessory in case No. 8215, and apparently thought that Horace Canada was charged as the principal in both cases, and that he had participated in both robberies, and that there was only one accessory, and that was in case No. 8214, and being a negro by the name of Whitehead, who was charged as an accessory and plead guilty to the charge, the record showing that the Court, in sentencing Horace Canada sentenced him in case No. 8215 in the apparent belief that he was a principal, along with the other defendants in said cause.

"4. That the adjudication of guilt by the Court is not in the form prescribed by law and is therefore a void adjudication of guilt."

The attached affidavits allege:

"Personally appeared before me, the undersigned authority, HORACE CANADY, sometimes known as HORACE CANADA, who, having been duly sworn deposes and says:

"That he is *one* and the same HORACE CANADY who was informed against in case No. 8214 and Case No. 8215 in the Criminal Court of Record in and for Dade County, Florida, along with the following other defendants: Clifford Studivant, Frank Lee, James Jackson, Howard O'Neal and Mitchell Whitehead; that on Friday, May 31, A. D. 1940,

deponent and his wife, Mattie Canady, were living at 1521 N. W. Sixth Court, Miami, Florida, and that approximately between 3:00 o'clock and 4:00 o'clock A. M. on said date, two police officers came to said house, one whose name was Simpson and the other whose name was Deas; that one of said officers came in through the front of the house and the other one came in through the rear of the house; that the one who came in through the front of the house was Simpson and that he told deponent to get up and dress, and said to deponent, 'This is a stick-up' (meaning that Horace Canady had stuck up and robbed somebody), whereupon deponent got dressed, and after he had gotten dressed, said Officer Simpson hit him on the head and kicked him in the stomach and finally took him out to the car and brought him to town, where he was again told that he had robbed a place and was again beaten and threatened with further beatings if he did not admit that he was guilty of same; that finally he admitted to the officers that he had been in the robbery known as the Barbarossa Distributing Company robbery, under which he has subsequently been informed against in case No. 8214 in the Criminal Court of Record in and for Dade County, Florida, and that thereupon he was held in jail until later on the morning of the same date, when he was taken directly from said jail in and for the City of Miami, Florida, to the court room of the Hon. Ben C. Willard, Judge of the Criminal Court of Record in and for Dade County, Florida, whereupon he was arraigned by Mr. Al. Hubbard, Assistant County Solicitor, along with other defendants heretofore mentioned in this affidavit; that this defendant plead guilty to the Barbarossa Distributing Company case, No. 8214, and that this defendant here and now admits under this affidavit that he was and did participate in the Barbarossa Distributing Company robbery, and was guilty, but that the time he was arraigned he did not

understand.what the county solicitor told him with regards
to his being an accessory after the fact in case No. 8215, in
which Frank Lee, James Jackson and Howard O'Neal were
charged with being the principals in an armed robbery on
one Henry Cohen, and that this deponent was charged with
being an accessory after the fact, and this deponent says that
he was not in any way connected with said crime alleged
in said case No. 8215, and that he did not knowingly at any
time receive any cash or money or other thing of value from
the proceeds of said holdup. That by reason of the fact
that he had been beaten and mistreated by the officers, as
aforesaid, earlier in the morning, he was afraid to say much
in the court room, not realizing that the county solicitor
and the Hon. Ben Willard would have afforded him protec-
tion, and would have permitted him, if he had so wished,
to tell all of the facts concerning his case. Further deponent
says that up until the time that he was brought before the
said judge, he had been held on investigation by the said
police, and he had not been permitted to get in touch with
any of his relatives or friends, nor had he been permitted
to see or employ counsel, and it was not until the next day
when he saw his counsel, George S. Okell, that he even
knew that he was supposed to have plead guilty to two cases,
he thinking that he had only plead guilty to one case, to-wit,
the Barbarossa Distributing Company robbery. Deponent
positively states that he is not guilty of the charges made
against him in case No. 8215, the instant case, and that he
wishes the right and privilege to have the plea of 'guilty'
that was entered for him, stricken from the record, as not
having been his plea, and that a plea of 'not guilty' be sub-
stituted in the place of same, and that he be permitted to
have a trial before a jury on the crime or crimes charged in
said information, and that he herewith offers to immediately
go to trial before a jury on said plea of not guilty, and offers

to submit evidence, both as to his innocence of said charges, and as to the truthfulness of the facts set forth in this affidavit.

"Personally appeared before me, the undersigned authority, MATTIE CANADY, wife of HORACE CANADY, were living 1521 N. W. Sixth Court, Miami, Florida, who having been first duly sworn, deposes and says:

"That she and her husband, HORACE CANADY, were living at the above address on Friday, May 31, 1940, and that between 3:00 o'clock and 4:00 o'clock A. M. two police officers came to said house, one of whose name is Simpson and the other whose name is unknown to deponent; one of the officers came in through the front of the house and the other came in through the rear of the house. That the one who came in the front entrance was Simpson, and that he told deponent's husband, Horace Canady, to get up and put on his clothes, and said this is a stick up (meaning that Horace Canady had stuck up and robbed somebody) whereupon deponent's husband, the said Horace Canady, got up and put on his clothes, and the said officer hit him on the head and kicked him in the stomach; that deponent pleaded with said officer not to beat him any more, and that the said police officer said to Horace Canady, 'Why don't you run so I can kill you,' whereupon deponent's husband, the said Horace Canady, told the said officer that he did not want to run. That the officers then took him away.

"Deponent further says that there was present and witnessing the whole affair, the landlady, whose last name is Campbell, and whose first name is unknown to deponent; that the said Campbell woman lives at 1521 N. W. Sixth Court, Miami, Florida."

In the motion defendant proffered to immediately go to trial on plea of not guilty.

The Court heard testimony and denied the motion.

It is our opinion, after careful consideration of the entire record, that there is grave doubt that the defendant Canada realized that he was entering a plea of guilty to the information charging him with the offense of being an accessory after the fact. In fact, it appears from the record that the trial judge was not cognizant of the charge because the record shows that he did not adjudge the defendant guilty of that charge but adjudged him guilty as a principal in the first degree. The evidence adduced before the court on the motion was not sufficient to establish the defendant's guilt, though it was sufficient to establish his guilt under the other information, *supra*.

We must hold that the defendant met the requirements of the rule in matters of this character as stated in 16 C. J. 398, as follows:

"The withdrawal of the plea of guilty should not be denied in any case where it is in the least evident that the ends of justice will be subserved by permitting not guilty to be pleaded in its place. Therefore, the court ordinarily will permit a plea of guilty to be withdrawn if it fairly appears that defendant was in ignorance of his rights and of the consequences of his act, or was influenced unduly and improperly either by hope or by fear in the making of it, or if it appears that the plea was entered under some mistake or misapprehension. Ordinarily it will not be granted, however, where the plea was entered voluntarily without any undue influence, or where no reason whatever is assigned for the change."

We also hold applicable what we said in Pope v. State, 56 Fla. 81, 47 Sou. 487, viz.:

"In a criminal prosecution a defendant has a right to plead guilty; and the effect of such a plea is to authorize the imposition of the sentence prescribed by law upon a verdict of guilty of the crime sufficiently charged in the indictment or

information. The plea should be entirely voluntary by one competent to know the consequences, and should not be induced by fear, misapprehension, persuasion, promises, inadvertence or ignorance. 12 Cyc. 353. While the trial court may exercise discretion in permitting or refusing to permit a plea of guilty to be withdrawn for the purpose of pleading not guilty, yet such discretion is subject to review by an appellate court. A defendant should be permitted to withdraw a plea of guilty given unadvisedly when application therefor is duly made in good faith and sustained by proofs, and proper offer is made to go to trial on a plea of not guilty.

"The law favors trials on the merits; and if the discretion of the trial court is abused in denying leave to withdraw a plea of guilty and to go to trial on the merits, the appellant court may interfere."

See also Brown v. State, 92 Fla. 592, 109 Sou. 627; Artigas, *et al.*, v. State, 140 Fla. 671, 192 Sou. 795.

The judgment must be reversed and the cause remanded for further proceedings.

So ordered.

Reversed and remanded.

TERRELL, C. J., and THOMAS, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.