63 So.2d 654 (1953)
LA BARBERA
v.
STATE.
Supreme Court of Florida, Division B.
March 13, 1953.
Mario N. Herce, Tampa, for appellant.
Richard W. Ervin, Atty. Gen., and Leonard Pepper, Asst. Atty. Gen., for appellee.
THOMAS, Justice.
The appellant appealed from the judgment of guilt, and the sentence imposed upon him, following his plea of guilty to an information charging him and another person with possession of burglary tools and with breaking and entering while entertaining the intent to commit grand larceny.
In reality the first attack is directed at the order of the court denying the motion to set aside the plea of guilty on the grounds that the appellant would be prejudiced by his criminal record; that he was handicapped by being jointly charged with a known criminal; and that his then attorney was so able that appellant assumed he would, by following the attorney's advice, receive a lighter sentence.
We do not find in these reasons any indication that the appellant was the victim of apprehension, surprise, hope, persuasion, fear, ignorance or any other element or circumstance that would have justified the judge in setting aside the plea.
The appellant leans heavily upon the decision of this court in Artigas v. State, 140 Fla. 671, 192 So. 795, but we do not find such similarity in the two cases as would make the rule announced in one govern the decision in the other. The vital distinction between the two is the formality of the presentation. In the cited case the petition contaning grounds that appealed to three members of the court was verified; in the present case the motion was neither verified nor signed by the defendant. It was signed only by his counsel.
The matter of permitting the withdrawal of the plea was purely discretionary. Section 909.13, Florida Statutes 1951, and F.S.A. Considering the weak foundation of the motion and the ineffective manner in which it was offered, we can conclude only that the judge was well within the bounds of his discretion when he declined to vacate the plea.
The second assault is aimed at the term of sentence imposed which the appellant insists was excessive. There is no claim that it was more than the judge was authorized to pronounce under the statute dealing with the offense charged, but only *655 that it was disproportionate to the appellant's just desserts.
This question has long since been answered contrary to appellant's contention, but it may be wise to refer to three of our decisions on the subject.
It is true that in Nowling v. State, 151 Fla. 584, 10 So.2d 130, the then Division B of this court apparently invoked the Declaration of Rights, Section 8, where a defendant was sentenced to three years for concealing a gallon of "moonshine" with intent to defraud the state of the tax. The writer of this opinion was inadvertently and erroneously recorded as concurring. The following year (1943) the court in an opinion by Mr. Chief Justice Buford, with four justices concurring, specifically overruled the decision in Nowling v. State, supra, and held that the court would not disturb a sentence authorized by statute, leniency thereafter being available only by petition to the State Board of Pardons. Brown v. State, 152 Fla. 853, 13 So.2d 458. This position was restated in Walker v. State, Fla., 44 So.2d 814, where the effect of the decision of Brown v. State upon the decision in Nowling v. State was stressed.
We now reaffirm the principle that if a trial judge imposes a sentence that is within the limits defined in the statute denouncing the offense, further relief by way of reducing the term is a matter purely within the province of the parole authorities.
Affirmed.
HOBSON, C.J., and ROBERTS and DREW, JJ., concur.