KANNER, Chief Judge.
The trial judge denied a motion of the appellant to withdraw the plea of guilty entered by him under an information charging murder in the second degree and resulting in a sentence of 20 years in the state prison. The appeal is from the judgment and sentence and the basis of it is the order denying the motion to withdraw the plea of guilty.
Appellant’s victim was Beatrice Jones, who had lived with him as his wife for fourteen years. Following the commission of the homicide on June 16, 1958, appellant was arrested, imprisoned in Tampa city jail, and interrogated. The next morning when a warrant was taken out before a justice of the peace, appellant was asked if he wished to plead guilty and his answer was in the affirmative. He was then taken on the same day to the county solicitor’s office, where he made a statement, following which the information charging murder in the second degree was filed. Also, on the same day, June 17, 1958, he was arraigned; he pleaded guilty and was sentenced by the court to 20 years in the state prison.
On June 20, 1958, three days after the plea of guilty and the imposition of sentence, a sworn motion was filed on appellant’s behalf to withdraw the plea of guilty and to set aside the sentence in order, that appellant might enter a plea of not guilty and proceed to trial. The motion was supported by the affidavit of a niece of appellant and that of an attorney who had been employed by the niece. The attorney’s affidavit states that as a result of investigation by him it appears appellant has a meritorious defense, that of self-defense. The affidavits aver also that appellant had never experienced previously any trouble with the law and that he is an ignorant, uneducated, and illiterate Negro man having no knowledge of court procedure nor of his rights under the law, including that of self-defense. The motion was heard and denied by the trial court on June 23, 1958, and appeal was perfected to this court.
The record discloses that appellant was told that the minimum sentence was 20 years and that he did not have to make a statement. It also shows that there were no promises nor threats made to induce his plea of guilty. However, the record does reveal that he was without benefit of an attorney during or prior to'the imposition of sentence and that he was not informed he was entitled to counsel, although he did not request it. Neither did he have the advice of any relative or friend.
Of prime importance on the motion to withdraw the plea of guilty and to set aside the resulting judgment and sentence is the asserted ignorance and illiteracy as it concerns the ability of appellant to understand the consequences of his plea. The affidavits affirmatively assert that the appellant here is an ignorant and illiterate Negro man who can neither read nor write and who did not go past the first grade in school. The testimony of the interrogating officers indicates support of this, as one of them testified that appellant was “Not too intelligent”, and another testified as follows:
“I did not determine that he was illiterate. I did determine that he was of very low education grade. As to whether or not he was intelligent, I couldn’t say.”
Additionally, the record also discloses that appellant’s victim was drunk and that he had fear of her. It is shown that she had a knife which he took away from her and that she had cut him once before. Although the record in its present state does not substantiate plea of self-defense, neither can it be said that there is no basis whatever nor possibility of this defense. Appellant was not required to present his whole case on the merits for purposes of the motion. It may be noted that all .the events from the actual time of the homicide to the time of appellant’s ultimate sentencing transpired within approximately 24 hours.
*466 The Supreme Court, in a long line of cases from which the court has never swerved, has pointed out that the prevalent doctrine in Florida is “that a plea of guilty when entered should be entirely voluntary by one competent to know the consequences of such a plea and the entering of a plea of guilty should not be induced by fear, misapprehension, persuasion, promises, inadvertence or ignorance.” Artigas v. State, 1939, 140 Fla. 671, 192 So. 795, 796. See also Pope v. State, 1908, 56 Fla. 81, 47 So. 487; Sinclair v. State, 1938, 133 Fla. 77, 182 So. 637; La Barbera v. State, Fla.1953, 63 So.2d 654; Asbey v. State, Fla.App.1958, 102 So.2d 407; and 9 Fla.Jur., Criminal Law, section 160, pp. 186-190. The law inclines definitely to trial on the merits; the decision in each case must depend on the particular attending facts; and a withdrawal of a plea of guilty shall not be refused where it is in the least evident that the ends of justice will be subserved by allowing a plea of not guilty to be entered in the place of a guilty plea. Eckles v. State, 1938, 132 Fla. 526, 180 So. 764.
This court is not here questioning at all whether there was improper conduct, either before or during the arraignment, toward the accused to induce him to enter the plea of guilty, nor whether the sentence imposed is justified; but rather the question is whether there was an adequate basis upon which to grant appellant’s motion. A composite of the circumstances of the case demonstrating the ignorance of appellant and his total unfamiliarity with the processes of law and of courts, in consideration of the seriousness of the charge, indicates that it cannot be said that the guilty plea was “entirely voluntary by one competent to know the consequences of such a plea.” The judgment and sentence of the trial court is therefore reversed with instructions to proceed in conformity with the views expressed in this opinion.
Reversed.
SHANNON, J., and O’CONNELL, STEPHEN C., Associate Judge, concur.