CARROLL, Judge
(dissenting).
My dissent in this case is limited to disagreement with the holding of the majority regarding the ground of the motion which the opinion refers to as a contention by the appellant that he was “denied assistance of counsel at arraignment.” The problem is ■whether arraignment, which is not a critical stage in the trial process (Ex parte Jeffcoat, 109 Fla. 207, 146 So. 827) becomes so if the ■«defendant pleads guilty when arraigned ■without counsel.
Preliminary to discussion of that question it should be noted the motion filed by the appellant made no express contention with' reference to denial of counsel at arraignment. The majority viewed the general language of the motion as being sufficient to announce that contention. If the motion states it, it does so through grounds 5 and 6, which are as follows:
“Defendant alleges, on March 17, 1961, he was adjudged guilty and judgment and sentence imposed without the benefit and assistance of counsel for his defense at the trial court.”
“Defendant alleges, from the date of arrest, February 28, 1961, to the date of sentence, March 17, 1961, he did not orally, writing or anywise consent to waiver the benefit and assistance of counsel for his defense at the trial court.”
Accepting the foregoing as a contention by the defendant that he was deprived of due process through not being represented by counsel at his arraignment, there is a further preliminary consideration of whether the contention was clearly refuted on the record. At the hearing on the motion in the trail court there were statements by the clerk and by the assistant state attorney that the defendant had a lawyer who received a copy of the information on March 8, 1961, two days before the arraignment, but other than their statements the record does not so reflect. The record does show that the public defender acted as counsel for the defendant at the time he was presented for sentence on the basis of his guilty plea, which may be referred to loosely as the “trial.”
Therefore, this matter must be dealt with as a contention by the defendant that he was without a lawyer; that he was indigent and unable to employ one; that he was denied by the court the right to have a lawyer represent him at the arraignment; and that he pleaded guilty when arraigned. The majority opinion affirmed the action of the trial judge in rejecting this ground of the motion, and based its holding on the proposition that “If counsel representing him at the time of the trial had determined *587 that appellant would be better served by a plea of not guilty, a motion to withdraw the plea of guilty could have been made.” We had held to the same effect in Sardinia v. State, Fla.App.1964, 162 So.2d 328, decided March 31, 1964. Although' I participated in the Sardinia case, I am now of the opinion that when arraignment without defense counsel results in a guilty plea it thereby becomes a critical step in the trial proceedings because the guilty plea thus exacted carries over into the trial and there is made the basis of an adjudication of guilt and consequent sentence. See White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed. 2d 193; Harris v. State, Fla.1964, 162 So.2d 262.
The right of counsel at arraignment may be waived, as was found to have been done in the recent case in the first district, Conley v. State, Fla.App. 1964, 160 So.2d 752. In that case waiver of the right to counsel prompted a holding that the arraignment was not. a critical step in the proceeding though a guilty plea resulted. It would appear that the ruling in Conley would have been otherwise if the right to counsel at arraignment had not been waived. I now view as incorrect this court’s decision on the point, as expressed in the instant cas.e and in Sardinia v. State, supra, to the effect that the presence of counsel at “trial” cures any want of due process resulting from denial of counsel at arraignment where a defendant pleads guilty, “because counsel [at the trial] could have made appropriate motions to have the pleas of guilty set aside.” I do not agree that is sufficient reason to hold that the want of due process is cured., After a guilty plea, the adjudication of guilt is perfunctory (Pope v. State, 56 Fla. 81, 47 So. 487, 16 Ann.Cas. 792) and evidence taken is to aid the court in determining upon the sentence to be imposed. See Annot. 77 A.L.R. 1211. The functions of a lawyer for defendant at that stage generally consist of resisting matters offered by the state in aggravation and in submitting matters of extenuation, mitigation and clemency. Even'if the defendant’s lawyer at the “trial” should move to withdraw the guilty plea there is no assurance his motion would be granted, as a proper showing must be made and the court enjoys a measure of discretion in such matters. See § 909.13, Fla.Stat, F.S.A.; Canada v. State, 144 Fla. 633, 198 So. 220; 9 Fla.Jur., Criminal Law, § 160.
For the reasons stated I would reverse the order appealed from and remand the cause for a formal hearing on the ground of the motion under discussion.