PATTON, ROBERT W., Associate Judge.
■ This is an appeal from a judgment of conviction and sentence of the Circuit Court of the Sixth Judiciary Circuit in and for Pasco County, wherein the Appellant, who was the Defendant below, was adjudged to *874 be guilty of grand larceny and sentenced to two years at hard labor in the State Penitentiary. The conviction was predicated upon a plea of Guilty entered by the Appellant and sought to be withdrawn by him on the date he was sentenced.
The only issue upon which the Appellant relies in this appeal is the failure of the Trial Judge to allow the Appellant to withdraw his plea of Guilty and to substitute therefor a plea of Not Guilty, which refusal the Appellant contends was an abuse of discretion by the Trial Judge.
Briefly, the factual situation in this action was as follows: On January 18, 1965, the Appellant was arraigned before the Trial Judge at which time he was asked whether he wanted a lawyer to represent him. He stated to the Court that he desired to be represented by counsel, that he was indigent, and that he desired to be represented by the Public Defender. Upon this request being made, the Trial Judge questioned the Appellant regarding his financial condition and then furnished him with a form of Affidavit of Insolvency. The Appellant informed the Trial Judge that he was able to read, and after having been given an opportunity to examine the Affidavit he stated to said Judge that he understood the same and was willing to sign the Affidavit provided a waiver of notices of hearing relative to attorneys’ fee contained therein was stricken. The Court then ordered the waiver portion stricken and the Appellant then signed the Affidavit. Immediately thereafter, the Appellant was given an opportunity to confer with the Public Defender and after the conference the Appellant was brought back to the court room for arraignment. The Appellant entered a plea of Not Guilty and the case was set for trial on January 25, 1965.
On January 25, 1965, the Appellant, through his Court-appointed counsel, appeared before the Trial Court and requested leave to change his plea from Not Guilty to a plea of Guilty. Before ruling on the request, the Trial Judge conducted a thorough examination of the Appellant to be sure that said Appellant understood what would be the effect of changing his plea, and also to ascertain that such request was made freely and voluntarily and without any promise of any kind. Thereafter the Trial Judge, being satisfied that the Appellant fully understood, explained to him the crime which he was being charged with having committed and asked him if he was guilty and the Appellant then plead guilty. The matter was then referred to the Probation Officer for Pre-Trial Investigation.
On February 24, 1965, the Public Defender, as the attorney for the Appellant, appeared before the Trial Judge and, in the language of the record, stated “At this time would renew his Motion to Withdraw his previous plea of Guilty heretofore entered in this case and request the Court to enter a plea of Not Guilty, and the Defendant states, as grounds for his Motion, that he is Not Guilty, that he is innocent, and he stands here ready to go to trial as soon as possible.” The record is silent as to any previous Motion to Withdraw the plea of Guilty. However, from the statement of the State’s Attorney objecting to the change of plea, it would appear that the case had been previously set for trial and that a Motion to Withdraw the Guilty plea had been made at that time.
The record further shows that the reason stated by Appellant, through his counsel, for his request to change his plea was “that he inadvertently entered this plea of Guilty for many and various reasons, but that he is innocent. * * * ” The attorney stated that it was his opinion that the Appellant was not required by law to state any other reason for his request.
After hearing arguments of the respective attorneys the Trial Court stated that it appeared that the Appellant had entered his plea of Guilty freely and voluntarily at the time when the case had been set for trial and the State had gone to the expense *875 of bringing witnesses from out of state and, that it was the opinion of the Trial Judge that the Appellant had failed to show proper cause for setting aside the Guilty plea and thereupon sentenced the Appellant for said offense.
We think that the Trial Judge was entirely correct in his action in refusing to set aside the Guilty plea under the conditions above set forth. While the Appellate Courts of this State have consistently held that a Defendant should be allowed to withdraw a Guilty plea where some good cause exists, there is no indication that similar action is required where Defendant fails to give any reason at all other than to state that he is innocent and that the plea of Guilty was entered through inadvertence. In the case of Pope v. State, 56 Fla. 81, 47 So. 487, the Supreme Court of Florida indicated that as a basis for a request to withdraw a plea of Guilty the Defendant should show that the plea was entered “under mental weakness, mistake, surprise, misapprehension, fear, promise, or other circumstances that put the defendant at a disadvantage in protecting his rights * * Again in the case of La Barbera v. State, 63 So.2d 654, the Supreme Court of Florida, in considering a Motion To Set Aside a Guilty Plea, used the following language: “We do not find in these reasons any indication that the appellant was the victim of apprehension, surprise, hope, persuasion, fear, ignorance or any other element or circumstance that would have justified the judge in setting aside the plea.”
An examination of the transcript in the case now before this Court clearly shows that the Appellant was fully aware of all his rights during all stages of the.proceeding, that he changed his original plea of Not Guilty to that of Guilty after being closely questioned by the Trial Judge to be sure that the Appellant fully realized the consequence thereof and took such action freely and voluntarily and without any promise of any kind, and in the face of these facts requested the Court for leave to withdraw the Guilty plea because, as stated by his counsel, “he is innocent of this charge; that he inadvertently entered this plea of Guilty for many and various reasons, but that he is innocent. * * * ” The record fails to show that either the Appellant or his attorney ever gave any reason for the requested change except that in the language last above quoted.
The burden was in the Appellant to show some good and sufficient reason to require or justify the Trial Judge in allowing him to change his plea and we do not feel that the simple statement that the Defendant is innocent or that the plea of Guilty was “inadvertently entered for many and various reasons” met this requirement.
For the reason stated, the decision of the Trial Court is affirmed.
SHANNON, Acting C. J., and LILES, J., concur.