348 So.2d 1183 (1977)
STATE of Florida, Petitioner,
v.
Allen BRAVERMAN, Respondent.
No. 76-1767.
District Court of Appeal of Florida, Third District.
July 12, 1977.
Rehearing Denied September 9, 1977.
*1184 Richard E. Gerstein, State Atty., for petitioner.
William B. Seidel, Fort Lauderdale, for respondent.
Before BARKDULL, HAVERFIELD and HUBBART, JJ.
HUBBART, Judge.
This is a criminal prosecution in which the defendant entered nolo contendere pleas to certain criminal charges which the trial court accepted but later permitted the defendant to withdraw. The State petitions this court for a writ of certiorari seeking review of the order allowing the withdrawal of such pleas. The issues presented for review center on whether the trial court's order herein constitutes a departure from the essential requirements of law. We conclude that the petition for writ of certiorari should be granted and the order under review quashed.

I
The record reflects that the respondent, Allen Braverman, who was the defendant below, was charged by information before the Circuit Court for the Eleventh Judicial Circuit of Florida with possession of a controlled substance, sale or delivery of a controlled substance, conspiracy to commit a felony and assault with intent to commit murder. Three other co-defendants, including Kim Kestner, were jointly charged with the same crimes as well as other offenses not relevant here.
On July 24, 1974, the defendant through privately retained counsel filed a written plea of not guilty. Thereafter, over a year passed during which time the defendant continued to be represented by counsel who presumably took whatever steps he deemed necessary to investigate and prepare the case.
On November 14, 1975, the defendant appeared with counsel before the trial court for the purpose of changing his plea. The defendant through counsel asked the court to permit him to withdraw his plea of not guilty entered over a year ago and tendered a plea of nolo contendere to two counts in the information, to wit: sale or delivery of a controlled substance, and assault with intent to commit murder. A lengthy proffer of the facts pertaining to these two charges was made by the assistant state attorney.
*1185 The factual proffer revealed that the defendant in concert with other co-defendants sold a pound of cocaine to an undercover police officer in an apartment in Dade County, Florida, that surveiling police officers thereafter entered the apartment announcing their authority and purpose, that the officers arrested everyone in the apartment involved in the cocaine sale, that one of the police officers attempted to enter a bedroom in the apartment where the defendant Braverman was counting the cash proceeds of the cocaine sale, that the defendant Braverman dropped the money, picked up a revolver and pointed it at the officer, and that the officer and the defendant Braverman thereupon exchanged gunfire during which time the defendant Braverman was hit. The defense counsel agreed to this proffer with minor exceptions not relevant here. The court then conducted a thorough inquiry of the defendant prior to accepting the nolo plea.[1]
No representation was made by either party or the court that the plea was being tendered or accepted pursuant to any plea negotiation agreement between the state and the defense. See Fla.R.Crim.P. 3.171. The trial court ordered a pre-sentence investigation in the case and set a sentencing hearing for February 2, 1976. This hearing was not held, and the defendant has never been sentenced in this case.
*1186 On or about March 22, 1976, the defendant through counsel filed a motion to withdraw his nolo contendere pleas pursuant to Fla.R.Crim.P. 3.170(f). The motion alleged three grounds as good cause for withdrawal of the nolo pleas, to wit: (1) The discovery of new evidence obtained since the nolo pleas establishing among other things that the defendant was physically unable to have committed the assault with intent to commit murder, which evidence if known at the time of the nolo pleas would have caused the defendant not to have entered the nolo pleas; (2) The state failed to supply the defendant with certain pre-trial discovery; and (3) The defendant entered his nolo pleas upon an honest misunderstanding as to the expected sentence.
On July 30, 1976, the motion came on for a hearing before the trial court. The hearing centered entirely on the first ground of the motion relating to newly discovered evidence. No testimony or proofs were offered in support of the other two grounds. The defendant established that newly discovered evidence had come to the attention of the defense counsel since the entry of the nolo pleas. This evidence consisted of a letter from the co-defendant, Kim Kestner, to her attorney which states as follows:
 July 28, 1976.
 S.L. GAER
 99 N.W. 183rd Street, Suite 111
 Miami, Florida 33169
Dear Mr. Gaer,
This is to authorize you to state that on the night of my arrest in the case that you represented me for and on, the undercover agents who were later determined to be police officers, when entering my apartment did not announce nor did I hear them announce that they were in fact police officers.
You have fully and completely explained to me the confidentiality existing by virtue of our relationship. Fully understanding this, I hereby waive the privilege of confidentiality existing between an attorney and client with respect to the and solely with respect to the aforementioned.
 Yours,
 /s/ Kim Kestner
 KIM KESTNER
Kestner's attorney was present at the hearing and announced to the court that his client would not testify at any future trial of the defendant Braverman. He further stated that his client had authorized him to testify in her behalf only as to the contents of the letter and to no more.
The trial court granted the motion to withdraw the nolo pleas over the vigorous protest of the state. This petition for writ of certiorari follows.

II
The major issue presented for review is whether newly discovered evidence constitutes a sufficient ground for the withdrawal of a nolo contendere plea to a criminal charge prior to sentencing. We hold that newly discovered evidence constitutes a sufficient ground for the withdrawal of a nolo contendere plea prior to sentencing only upon a showing that the ends of justice would be served by permitting such a withdrawal.
It is the established law of this state that a plea of guilty or nolo contendere should be entirely voluntary by one competent to know the consequences, and should not be induced by fear, misapprehension, undue persuasion, promises, mistake, fraud, inadvertence or ignorance. A defendant should be permitted to withdraw a plea of guilty or nolo contendere prior to sentencing where it is the least evident that the plea was infected by any of the above influences or was entered by one not competent to know its consequences or was otherwise involuntary, or where it appears that the ends of justice would be served by the withdrawal of such a plea. The defendant has the burden of establishing one of the above grounds in order to be entitled to withdraw his guilty or nolo contendere plea. Canada v. State, 144 Fla. 633, 198 So. 220 (1940); Eckles v. State, 132 Fla. 526, 180 So. *1187 764 (1938); Pope v. State, 56 Fla. 81, 47 So. 487 (1908); Stapleton v. State, 239 So.2d 140 (Fla.1st DCA 1970); Riddle v. State, 212 So.2d 122 (Fla.2d DCA 1968); Ostermann v. State, 183 So.2d 873 (Fla.2d DCA 1966); Jackman v. State, 160 So.2d 554 (Fla.3d DCA 1964); Hill v. State, 110 So.2d 464 (Fla.2d DCA 1959).
Fla.R.Crim.P. 3.170(f) provides that at any time prior to sentence the trial court "may, in its discretion, and shall upon good cause" permit a defendant to withdraw a guilty plea. This rule is also applicable to a nolo contendere plea since such a plea for our present purposes has the same effect as a guilty plea. Peterson v. State, 206 So.2d 700 (Fla.3d DCA 1967); Peel v. State, 150 So.2d 281, 290-291 (Fla.2d DCA 1963). The discretion herein must be liberally exercised in favor of permitting the defendant to withdraw his plea provided good grounds are shown therefore since the policy of the law is partial to a trial on the merits. Canada v. State, 144 Fla. 633, 198 So. 220 (1940); Eckles v. State, 132 Fla. 526, 180 So. 764 (1938); Pope v. State, 56 Fla. 81, 47 So. 487 (1908); Banks v. State, 136 So.2d 25 (Fla.1st DCA 1962). The exercise of this discretion, however, is always subject to appellate review because judicial discretion is not a naked right to choose between alternatives. There must be a sound and logically valid reason for the exercise of such discretion. If the trial court abuses its discretion in granting or denying leave to withdraw a guilty or nolo contendere plea, the appellate court will interfere. Pope v. State, 56 Fla. 81, 47 So. 487 (1908); Banks v. State, 136 So.2d 25 (Fla.1st DCA 1962). See also Utica Mutual Insurance Co. v. Clonts, 248 So.2d 511, 512 (Fla.2d DCA 1971).
In the instant case, the defendant with counsel entered pleas of nolo contendere to two criminal charges after a factual basis for the pleas had been shown and after the trial court made a thorough and searching inquiry of the defendant which established that the pleas were freely and voluntarily entered with full knowledge of its consequences. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The defendant sought to upset these otherwise valid pleas on the basis of a newly discovered letter from a co-defendant to her attorney stating that the arresting police officers in this case did not announce their authority upon entering the apartment where the arrest of the defendant occurred.
This newly discovered evidence in no way relates to any of the established grounds for setting aside a nolo contendere plea prior to sentencing under Florida law. It fails to establish that the pleas were not freely and voluntarily entered by one competent to understand its consequences. It fails to establish that the pleas were induced by fear, misapprehension, undue persuasion, promises, mistake, fraud or ignorance. It fails to establish that the ends of justice would be served by permitting the pleas to be withdrawn.
The letter from the co-defendant and the testimony of the co-defendant's counsel concerning the contents of the letter would be completely inadmissible in evidence at any future trial of the defendant. Such evidence constitutes rank hearsay. See McNeal v. State, 76 Fla. 200, 79 So. 728 (1918); Belk v. State, 167 So.2d 239 (Fla.2d DCA 1964). Aside from that insurmountable obstacle, the evidence in no way raises a serious question as to the guilt or innocence of the defendant. It does not affect the defendant's guilt or innocence on the charge of sale or delivery of a controlled substance, and the defendant makes no contention to the contrary. Its probative value, if any, on the assault charge is of gossamer strength.
In the trial court, the defendant argued that the letter and the testimony of co-defendant's counsel concerning the contents of the letter was admissible under the authority of Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). We do not agree. In Chambers, the Court held that it was a denial of due process under the Fourteenth Amendment to the United States Constitution for a state to convict a person of a crime when the defendant was not permitted at his trial to call witnesses establishing that a third party *1188 had confessed to committing the crime for which the defendant was on trial. The letter in this case and counsel's testimony concerning its contents do not even remotely amount to confessions or admissions to the crimes for which the defendant was charged. If so, there would be a different result herein. See Baker v. State, 336 So.2d 364 (Fla. 1976).
Ordinarily, newly discovered evidence cannot constitute a ground for withdrawing a nolo contendere or guilty plea prior to sentencing since it in no sense relates to whether the plea was entered freely and voluntarily with full knowledge of its consequences or was induced by some improper influence. Only upon a showing that the ends of justice would be served can newly discovered evidence constitute a basis for withdrawing such pleas prior to sentencing. We believe that such a showing should be reserved to those cases where evidence has been uncovered subsequent to the plea which raises a substantial question as to the guilt or innocence of the defendant. Our law should never be so inflexible that a showing of innocence would be to no avail in withdrawing a nolo contendere or guilty plea prior to sentencing. See Ex parte Welles, 53 So.2d 708, 711-12 (Fla. 1951). We find no such showing in this case, however, in view of the inadmissible nature of the newly discovered evidence as well as its scant probative value.
It was, therefore, a departure from the essential requirements of law for the trial court to permit the defendant to withdraw the nolo contendere pleas herein on the ground of newly discovered evidence. Although the trial court has wide discretion in allowing the withdrawal of guilty or nolo contendere pleas, it is not an unfettered discretion in which such pleas can be withdrawn upon mere demand by the defendant without a showing of good cause. There is no such showing in this case and, therefore, the trial court abused its discretion in permitting the withdrawal of the nolo contendere pleas based on this ground.

III
The final issue remaining is whether any other grounds were established by the defendant in the trial court for withdrawing the nolo contendere pleas. The defendant asserted two other grounds in his motion to withdraw the pleas, to wit: the failure of the state to make certain pre-trial discovery and the entry of the pleas upon an honest misunderstanding as to the expected sentence. He failed, however, to present to the trial court any proof whatever in support of either ground. Mere naked allegations contained in a motion to withdraw a nolo contendere or guilty plea unsupported by any proof can never constitute a basis for the withdrawal of such pleas. Ostermann v. State, 183 So.2d 873 (Fla.2d DCA 1966). Consequently, it was a departure from the essential requirements of law for the trial court to permit the withdrawal of the nolo contendere pleas herein based on either of these grounds in the absence of any supporting proof.
The petition for writ of certiorari is granted, the order appealed from is quashed and the cause remanded for proceedings consistent with this opinion.
BARKDULL, Judge, dissenting.
I respectfully dissent. I have found no case in Florida that has quashed a trial judge for exercising his discretion, in permitting the withdrawal of a plea of guilty (a nolo plea is the same as a guilty plea) prior to a sentencing hearing.
There are many cases where, upon the denial of such a motion, the trial court sentenced the defendant and upon appeal the trial judge was reversed for failing to grant such a motion. Riddle v. State, 212 So.2d 122 (Fla.3rd D.C.A. 1968); Morton v. State, 317 So.2d 145 (Fla.2nd D.C.A. 1975). There are other cases which have approved the trial judge's denial of same [Pope v. State, 56 Fla. 81, 47 So. 487 (1908); Ostermann v. State, 183 So.2d 873 (Fla.2nd D.C.A. 1966); Sutton v. State, 202 So.2d 589 (Fla.1st D.C.A. 1967)] but I have found no cases that entertained a common law petition for certiorari and thereby quashed a *1189 trial judge's order, entered prior to any sentence.
A review of the cases reveals that the courts lean toward a full trial on the issues. Eckles v. State, 132 Fla. 526, 180 So. 764 (1938); Artigas v. State, 140 Fla. 671, 192 So. 795 (1940); Hill v. State, 110 So.2d 464 (Fla.2nd D.C.A. 1959); Riddle v. State, supra; Morton v. State, supra. And, in light of the pronouncements of the trial judge in this matter at the time he granted the motion:
* * * * * *
"THE COURT: One of the other reasons I granted a new trial  and I was of a mind all the way to grant it  I think the defendant was laboring under the apprehension originally that there was a deal made in this case and I don't think that was fully overcome, notwithstanding his answers on voir dire, the information before I accepted the plea."
* * * * * *
I would not quash his order.
NOTES
[1] "THE COURT: Before accepting a plea of no contest, I am required by law to ask you certain questions. If you do not understand the questions, you can ask me to explain them to you or you can talk to your lawyer at any time.

Do you fully understand the nature of the charges against you?
THE DEFENDANT: Yes, sir.
THE COURT: Do you understand that if I accept your plea of no contest I can sentence you up to five years in the State Penitentiary on Count 2 and up to fifteen years on Count 4?
MR. DePOZSGAY: Your Honor, I have a correction: Fifteen years on Count 2 and fifteen years on Count 4.
THE COURT: Do you understand that I can sentence you to fifteen years on each count?
THE DEFENDANT: Yes, sir.
THE COURT: Do you fully understand what is going on here today?
THE DEFENDANT: Yes, sir.
THE COURT: Is there anything wrong with you mentally or physically which would prevent you from understanding?
THE DEFENDANT: No.
THE COURT: Are you pleading no contest freely and voluntarily and for no other reason?
THE DEFENDANT: Yes, sir.
THE COURT: Has anybody threatened you or forced you into entering this plea?
THE DEFENDANT: No, sir.
THE COURT: Other than what has been said here today in Court has anybody promised you anything or told you what the Court would do if your plea of no contest is accepted?
THE DEFENDANT: Yes, sir.
THE COURT: Somebody has promised you something?
THE DEFENDANT: No, sir.
THE COURT: Do you understand that based on your plea of no contest to Counts 2 and 4, the Court is going to order what is called a PSI? Do you understand that?
THE DEFENDANT: Yes, sir.
THE COURT: Do you understand what a PSI is?
THE DEFENDANT: Yes, sir.
THE COURT: Do you understand that the sentencing is going to rely largely on that pre-sentence investigation?
THE DEFENDANT: Yes, sir.
THE COURT: Do you understand that by pleading no contest you are waiving your right to a trial by jury or to a trial by the court?
THE DEFENDANT: Yes, sir.
THE COURT: Do you understand that you are waiving your privilege against self-incrimination?
THE DEFENDANT: Yes, sir.
THE COURT: Do you understand that you are waiving your right to face your accusers?
THE DEFENDANT: Yes, sir.
THE COURT: You have a right to have the people who have accused you of this matter sit up here in the witness stand. You are entitled to confront them and cross examine them. Do you understand that?
THE DEFENDANT: Yes, sir.
THE COURT: Do you waive that right?
THE DEFENDANT: Yes, sir.
THE COURT: Have you had ample opportunity to discuss any defenses you may have to these charges with your attorney?
THE DEFENDANT: Yes, sir.
THE COURT: You have had enough time to talk to your lawyer?
THE DEFENDANT: Yes, sir.
THE COURT: Are you satisfied with the services of Mr. Seidel?
THE DEFENDANT: Yes, sir.
THE COURT: Mr. Seidel, are you satisfied that the defendant understands the charges and consequences of his plea?
MR. SEIDEL: Yes, sir.
THE COURT: The Court will accept the plea of no contest to Count 2 and Count 4."