698 So.2d 656 (1997)
James W. HAGER, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2581.
District Court of Appeal of Florida, Fifth District.
September 5, 1997.
*657 James B. Gibson, Public Defender, and Rebecca M. Becker, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
HARRIS, Judge.
On the complaint of John Bookstein, James W. Hager was charged with burglary of Bookstein's dwelling. Sometime later, Hager went to Bookstein's dwelling and threatened to kill him if he did not call the state and drop the burglary charges. Fearful of Hager and in his presence, Bookstein called the assigned assistant state attorney and asked that the burglary charges be dismissed. After Hager left, Bookstein called the assistant state attorney back and advised him what had occurred. Hager was then charged with tampering with a witness in violation of section 914.22, Florida Statutes.
Hager moved for judgment of acquittal in this tampering case on the basis that he had pled no contest to the burglary charge two days before this incident occurred and was awaiting sentence. His position is that there was no "official proceeding" pending when he confronted Bookstein. The trial court rejected this argument and so do we.
First, since Hager had not yet been sentenced, the proceedings were not finally over. There is a strong policy in favor of permitting the defendant to withdraw a plea prior to sentencing if good reasons can be shown. State v. Braverman, 348 So.2d 1183 (Fla. 3d DCA 1977). If the complaining witness, in effect, recants his testimony, that might be sufficient to permit the withdrawal of the previous plea.
Second, because the proceedings remained open for the purpose of sentencing, and because Bookstein, as the victim, might have been called to testify at the sentencing hearing, Hager's threats might well have been found to have been intended to "cause or induce any person to ... withhold testimony... from an ... official proceeding." See section 914.22(1)(a), Florida Statutes.
AFFIRMED.
GRIFFIN, C.J., and THOMPSON, J., concur.