PER CURIAM.
Ricky Nazworth (defendant) appeals the trial court’s order denying his rule 3.850 motion for posteonviction relief.[1] In his motion defendant alleged his trial counsel was • ineffective because he failed to file a direct appeal from his judgments and sentences. We affirm without prejudice to defendant to file a petition for habeas corpus seeking permission to file a belated appeal.
Defendant’s rule 3.850 motion contends that after he pled nolo contendere to five counts of attempted sexual battery and four counts of lewd and lascivious assault upon a child, the trial court adjudicated him guilty and sentenced him to a term of imprisonment followed by probation. Defendant alleges that he told his trial counsel to file a notice of appeal but “[tjrial counsel failed to file said [njotice of [ajppeal.”
Defendant should have filed a petition for habeas corpus in this court seeking a *1062 belated appeal pursuant to Florida Rule of Appellate Procedure 9.140(j). Moreover, even if defendant had filed a petition for habeas corpus, it would have been legally insufficient because defendant did not allege that he made a timely request for an appeal to his trial counsel. See Gilliam v. State, 611 So.2d 90, 91 (Fla. 2d DCA 1992). Accordingly, we affirm the trial court’s order denying defendant’s motion for postconviction relief without prejudice to file a legally sufficient petition for habeas corpus.
AFFIRMED.
PETERSON and ANTOON, JJ., concur.
GRIFFIN, C.J., concurs in result only.

. See Fla. R.Crim. P. 3.850.