863 So.2d 366 (2003)
Jackie Lavern BRIDGES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-485.
District Court of Appeal of Florida, Fifth District.
December 5, 2003.
James B. Gibson, Public Defender, and Meghan Ann Collins, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Lamya A. Henry, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
This appeal is dismissed for lack of jurisdiction. The notice of appeal was untimely. Bridges' pro se letter to the court which requested reconsideration of the denial of his motion to withdraw pleas was unauthorized because Bridges was represented by counsel. Even if we were to treat the letter as a valid motion for rehearing, there is no authority under Florida Rule of Criminal Procedure 3.170(l) or Florida Rule of Appellate Procedure 9.020(h), for filing a motion for rehearing of an order denying a motion to withdraw pleas.
In Mincey v. State, 789 So.2d 492 (Fla. 1st DCA 2001), the appeal was dismissed because an unauthorized motion for rehearing did not toll the time for filing a notice of appeal. See also Griffis v. State, 593 So.2d 308 (Fla. 1st DCA 1992). Thus, Bridges' letter did not toll the time for filing a notice of appeal.
We also deny Bridges' request for belated appeal. Petitions seeking belated *367 appeal are governed by Florida Rule of Appellate Procedure 9.141(c). This rule requires, among other things, a petition containing "a specific act(s) sworn to by the petitioner or petitioner's counsel that constitute the alleged ineffective assistance of counsel or basis for entitlement for belated appeal, including in the case of a petition for a belated appeal whether the petitioner requested counsel to proceed with the appeal." Fla. R.App. P. 9.141(c)(3)(F). Bridges requested a belated appeal in the body of his reply brief, not in a sworn petition. Furthermore, the request simply alleges that Bridges repeatedly sought to withdraw his plea based on ineffective assistance of counsel. He does not allege whether he informed his counsel to proceed with an appeal or why his notice of appeal was untimely. He did not allege any specific facts demonstrating how his counsel's ineffectiveness resulted in an untimely appeal. Accordingly, Bridges' request for belated appeal is insufficient.
APPEAL DISMISSED.
GRIFFIN and ORFINGER, JJ., concur.