SHARP, W., J.,
concurring in part;' dissenting in part.
In this Petition for Writ of Habeas Corpus to obtain a belated appeal, Fuller alleges that he asked for an appeal from the denial of a suppression motion, and that it was granted by the trial court as part of his plea agreemént. The trial court appointed a public defender to file an appeal, but he did not do so. Fuller claims that court records and the plea agreement will show he asked for an appeal following the conclusion of his suppression motion and sentencing. However, the petition falls a bit short of what is required under Rule 9.141(c)(3)(F) because that rule requires:
[T]he specific acts sworn to by the petitioner or petitioner’s counsel that consti *243 tute the alleged ineffective assistance of counsel or basis for entitlement to belated appeal, including in the case of a petition for belated appeal whether the petitioner requested counsel to proceed with the appeal. (Emphasis added)
Petitions for a belated appeal will be dismissed if the petition is facially insufficient, that is, does not comply with Rule 9.141(c)(3) on its face. Petitions have been held to be facially insufficient where the petition did not include whether the defendant requested counsel to proceed with the appeal, Bridges v. State, 863 So.2d 366 (Fla. 5th DCA 2003), and where the petition did not include a statement that a timely request was made for an appeal, Nazworth v. State, 715 So.2d 1061 (Fla. 5th DCA 1998).
In this case, Fuller does not aver that he asked his attorney to file an appeal. Bridges. He merely states that he asked for an appeal in his plea agreement, which is insufficient. Bridges; Nazworth. The rule is technical in its application, but where a public defender has been appointed for the sole purpose of filing an appeal, logically that should be sufficient.
Although I agree the petition must be dismissed, I think it should be dismissed without prejudice to give Fuller an opportunity to show that he or the trial judge asked his attorney or the Public Defender’s Office to file an appeal. See Riley v. State, 866 So.2d 779 (Fla. 5th DCA 2004); Ezell v. State, 778 So.2d 1071 (Fla. 5th DCA 2001).