901 So.2d 425 (2005)
Andrew VASQUEZ, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D05-1029.
District Court of Appeal of Florida, Fifth District.
May 20, 2005.
James Russo, Public Defender and Judith L. Kinney, Assistant Public Defender, Sanford, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, for Respondent.
*426 PALMER, J.
Andrew Vasquez filed a petition seeking a belated appeal of his conviction and sentence. Concluding that Vasquez's petition is facially insufficient, we deny the petition without prejudice to filing a sufficient petition.
According to his petition, after Vasquez's pro se motion to withdraw plea was stricken by the trial court on grounds that he was represented by counsel, Vasquez filed a pro se notice of appeal. Vasquez was declared indigent, but counsel was not appointed to represent him on appeal nor did his private counsel file any additional paperwork. The appeal was subsequently dismissed for failure to prosecute.
Vasquez thereafter filed a motion to reinstate the appeal which was denied without prejudice because he had not filed a motion to appoint counsel. He then requested the circuit court to appoint counsel. Appointed counsel now states that Vasquez has indicated that he wishes to pursue an appeal "as previously requested." Vasquez alleges that he is entitled to receive a belated appeal because he lost the right to appeal, due to the neglect, inadvertence, or error on the part of counsel. Vasquez does not expressly state that he made a timely request for trial counsel to file an appeal, which would have resulted in the appointment of appellate counsel. At best, he states that he advised his newly appointed appellate counsel that he wished to appeal "as previously requested."
In State v. Trowell, 739 So.2d 77, 81 (Fla.1999), the Florida Supreme Court stated that a belated appeal should be granted if the defendant alleges that a timely request was made for counsel to file an appeal, but counsel failed to do so. In Bridges v. State, 863 So.2d 366 (Fla. 5th DCA 2003), this court denied a belated appeal where the defendant failed to allege that he informed counsel to proceed with an appeal. Also, in Bell v. State, 827 So.2d 310 (Fla. 5th DCA 2002), this court denied a belated appeal without prejudice when the defendant failed to allege he made a timely request for an appeal which was not honored.
Vasquez has failed to show that he is entitled to receive a belated appeal because he has not specifically alleged that he timely requested counsel to file an appeal or even advised counsel that an appeal had been filed, so that counsel could file a motion for appointment of appellate counsel. Therefore, the petition is denied, without prejudice to filing a facially sufficient petition.
PETITION DENIED without prejudice.
PLEUS and TORPY, JJ., concur. *427