PER CURIAM.
 

 Levinston E. Grier appeals the summary denials of his motion to withdraw his plea and motion for conflict-free counsel. Grier argues that the trial court reversibly erred by failing to appoint conflict-free counsel upon his pro se post-sentence motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170(i). This Court has consistently held that trial courts must appoint conflict-free counsel once a defendant indicates his desire to avail himself of the rule 3.170G) procedure.
 
 Lester v. State,
 
 820 So.2d 1078, 1078 (Fla. 1st DCA 2002);
 
 see also Norman v. State,
 
 897 So.2d 553, 553 (Fla. 1st DCA 2005);
 
 Mosley v. State,
 
 932 So.2d 1239, 1239 (Fla. 1st DCA 2006);
 
 Mullins v. State,
 
 981 So.2d 1281, 1282 (Fla. 1st DCA 2008). Accordingly, the trial court was required to appoint conflict-free counsel upon Grier’s facially sufficient and timely filed rule 3.170(0 motion. Therefore, we reverse the trial court’s order denying Grier’s motions to withdraw the plea and for conflict-free counsel. Upon remand, conflict-free counsel shall be appointed to assist Grier in this cause.
 

 REVERSED and REMANDED with instructions.
 

 BARFIELD, PADOVANO, and LEWIS, JJ., concur.