PER CURIAM.
Kenneth Nelson, Appellant, seeks review of the summary denial of his timely pro se motion to withdraw his plea, filed pursuant to Florida Rule of Criminal Procedure 3.170(¿). Appellant argues that the trial court erred in failing to appoint conflict-free counsel to assist him in arguing his motion. As the Florida Supreme Court’s recent opinion in Sheppard v. State, 17 So.3d 275 (Fla.2009), reveals, the trial court’s options were to either strike the motion as a nullity or to appoint conflict-free counsel. Because the trial court did not exercise either of these options, it erred. Accordingly, we reverse and remand for further proceedings.
In Sheppard, 17 So.3d at 277, the Florida Supreme Court recognized a “limited exception to the rule of striking pro se pleadings as nullities.” Id. at 277. Under Sheppard, when a represented defendant flies a timely pro se Rule 3.170(£) motion, the trial court should first determine whether the motion is “based on allegations giving rise to an adversarial relationship, such as counsel’s misadvice, misrepresentation, or coercion that led to the entry of the plea.” Id. at 287. If the motion is based on such allegations and the allegations are not conclusively refuted by the record, the trial court is required to hold a limited hearing with the defendant, defense counsel, and the State to determine whether “it appears ... that an adversarial relationship between counsel and the defendant has arisen.” Id. After the hearing, the trial court must appoint conflict-free counsel if it finds that an adversarial relationship exists between the defendant and defense counsel and the motion’s allegations are not conclusively refuted by the record. Id. Because this rule is only an exception to the general policy of striking pro se motions filed by represented parties, when a trial court determines that it is not required to appoint conflict-free counsel under Sheppard, its only option is to strike the motion as a nullity. See id. at 277.
Because Sheppard was decided during the pendency of this appeal, the trial court has not yet considered the standards adopted in that opinion. Accordingly, we reverse and remand to the trial court to consider the motion to withdraw based on the procedures outlined in Sheppard.
REVERSED and REMANDED with instructions.
HAWKES, C.J. and LEWIS, J., concur; THOMAS J., concurs with opinion.