HANKINSON, J., Associate Judge.
 

 Defendant Lonzo Thomas Carter challenges the denial of his oral motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170(i) (2008). The defendant argues that since the motion was based on a conflict of interest with his court-appointed attorney, the trial court reversibly erred by failing to appoint conflict-free counsel. We agree and reverse for the trial court to appoint substitute counsel to represent the defendant on his motion.
 

 The defendant moved to withdraw his plea immediately after sentencing. He argued that his counsel had coerced him into pleading guilty by refusing to provide him with a transcript of his co-defendant’s deposition, which the defendant claimed contained exonerating information. The defendant’s counsel denied that such inducement had occurred. The defendant’s counsel claimed he had simply explained to the defendant that the co-defendant’s deposition contained no “useful” information, and that the defendant had chosen to plead on his own accord. The trial court denied the motion to withdraw the plea without comment.
 

 In
 
 Sheppard v. State,
 
 17 So.3d 275 (Fla.2009), the Supreme Court detailed the procedure to be followed when a represented defendant brings a pro se rule
 
 3.170(l)
 
 motion based on conflict with counsel:
 

 [W]hen a represented defendant files a pro se rule 3.170(7) motion based on allegations giving rise to an adversarial relationship such as counsel’s misadvice, misrepresentation, or coercion that led to the entry of the plea ... the trial court should hold a limited hearing at which the defendant, defense counsel, and the State are present. If it appears to the trial court that an adversarial relationship between counsel and the defendant has arisen and the defendant’s allegations are not conclusively refuted by the record, the court should either permit counsel to withdraw or discharge counsel and appoint conflict-free counsel to represent the defendant.
 

 This language sets out a two-step process by which a defendant may obtain substitute counsel for his/her rule 3.170(7) motion: (1) a hearing must be held to determine whether the conflict alleged in the motion has arisen; and (2) the trial court must ensure the defendant’s allegations are not “conclusively refuted” by the record.
 

 Sheppard’s two-part process clarifies at least two misimpressions concerning when conflict-free counsel should be appointed.
 

 First, it corrected any misimpression, drawn from broad language in our caselaw, that the substitution of counsel should be automatic whenever a rule 3.170(7) motion is filed.
 
 See Grier v. State,
 
 14 So.3d 252, 253 (Fla. 1st DCA 2009) (stating “[t]his Court has consistently held that trial courts must appoint conflict-free counsel once a defendant indicates his desire to avail himself to the rule 3.170(7) procedure”);
 
 Lester v. State,
 
 820 So.2d 1078 (Fla. 1st DCA 2002).
 

 
 *795
 
 Second,
 
 Sheppard
 
 corrected the misim-pression, also conveyed in our caselaw, that a defendant can receive conflict-free representation without first justifying his/ her request in a hearing.
 
 See Holifield v. State,
 
 717 So.2d 69 (Fla. 1st DCA 1998) (stating substitute counsel must be appointed following the mere filing of a motion to withdraw a plea alleging “misrepresentation, coercion or duress by defense counsel”).
 

 Sheppard
 
 also clearly states that a general allegation of a conflict of interest with counsel is not sufficient to warrant a hearing. The motion must contain specific allegations showing an adversarial relationship “such as counsel’s misadvice, misrepresentation, or coercion that led to the entry of the plea.”
 
 Sheppard,
 
 17 So.3d at 275.
 

 It is clear from the record in the instant case that an adversarial relationship had developed between the defendant and his counsel. At the conclusion of the sentencing hearing, the defendant moved to withdraw his no-contest plea, claiming he had entered the plea only because his counsel had refused to provide him with a transcript of his co-defendant’s deposition. When given the chance to respond, the defendant’s counsel denied any wrongdoing and claimed the deposition would have been useless to the defense. Since the defendant and his counsel were each given the opportunity to discuss the rule 3.170(i) motion, and considering that the defendant’s allegations were not conclusively refuted by the record, the trial court should have appointed conflict-free counsel on the defendant’s motion to withdraw his plea.
 
 See Nelson v. State,
 
 18 So.3d 1190, 1191-92 (Fla. 1st DCA 2009).
 

 Given the foregoing, we reverse the open-court denial of the oral motion to withdraw the plea and remand for the trial court to effectuate the defendant’s right to conflict-free representation.
 

 REVERSED and REMANDED.
 

 HAWKES, C.J., and CLARK, J., concur.