CONNER, J.
 

 Ronald Ketterer appeals the denial of his motion to withdraw his plea and the resulting convictions and sentences. He argues that he was misadvised by trial counsel concerning the consequences of his plea and the trial court abused its discretion in denying his motion to withdraw his plea made prior to being sentenced. We agree and reverse.
 

 Ketterer was charged with battery on a law enforcement officer, resisting arrest with violence, and obstructing service of a warrant. The state filed notice of its intent to seek imposition of a minimum mandatory sentence as a prison releasee reof-fender (PRR). Ketterer entered an open plea to the court upon the representation of his trial counsel that trial counsel would move the court for a downward departure from the sentencing guidelines. Trial counsel filed a motion for downward departure after Ketterer’s open plea was accepted by the trial court.
 

 The plea was entered on one day, and sentencing was set for a different day. In advising Ketterer about the consequences of his plea, trial counsel forgot that one cannot ask for a downward departure from the sentencing guidelines for a PRR. During the plea colloquy, nothing was said about PRR sentencing by trial counsel, the state attorney, or the judge. Regarding sentencing, the judge specifically said during the plea colloquy:
 

 Mr. Ketterer, the maximum penalty for Counts 1 and 2 is five years Florida State Prison, Count 3, one year in the Broward County jail, and it is an open plea to the Court. And your attorney has filed a motion for downward departure, but there is no guarantee what the Court will do. Do you understand?
 

 The judge said nothing about a minimum sentence of five years, but the plea form states, “The minimum penalty is: [then handwritten:] 5 yrs. FSP.” However, the plea form also states, “I understand that if the Court accepts my plea to the charge(s) listed above, my sentence will be: [then handwritten:] open — Downward Departure.”
 

 During the plea colloquy, trial counsel said there was one more thing he wanted to check before he filed the motion for downward departure, and he requested to come back another day for sentencing. At the very end of the plea hearing, the State said: “Just to let the Court know, he’s
 
 *1018
 
 PRR on Count 2.” The parting comment by the State did not result in any changes to the plea colloquy by the trial court or defense counsel. Nothing in the record indicates that Ketterer understood at that time what “PRR” meant.
 

 When Ketterer appeared for sentencing a month later, trial counsel made an oral motion to withdraw the plea. Trial counsel admitted on the record that he forgot a downward departure cannot be granted for a PRR and therefore misadvised Ketterer on the plea consequences. The trial judge thought she recalled that she had conducted an adequate plea colloquy, but in an abundance of caution, she decided to appoint conflict-free counsel to address the motion to withdraw the plea and set the matter for a hearing at a later date.
 

 When the case came back for a hearing, conflict-free counsel announced on the record that he had reviewed the plea transcript, he was satisfied the plea was entered voluntarily, and he did not have the grounds to ask the court to withdraw the plea. The record reveals that no formal written motion to withdraw the plea was filed. Conflict-free counsel stated to the court: “It doesn’t meet the criteria to be able to withdraw the plea based on what’s in there even though the special public defender from the conflict office misad-vised him.
 
 This is not the forum or the type of motion necessary to do such an act.”
 
 (emphasis added). The trial judge stated shortly thereafter, “Okay. Then he’ll be sentenced to that and he can, you know, go forth on the 3.850 [post-conviction relief proceedings].”
 

 Oral motions to withdraw a plea prior to sentencing are allowed.
 
 See Carter v. State,
 
 22 So.3d 793 (Fla. 1st DCA 2009);
 
 Morales v. State,
 
 973 So.2d 679 (Fla. 2d DCA 2008). A trial court’s denial of a motion to withdraw a plea is generally reviewed under an abuse of discretion standard.
 
 Wright v. State,
 
 961 So.2d 1036 (Fla. 4th DCA 2007).
 

 The trial court erred in this case by not granting the motion to withdraw plea for two reasons: 1) trial counsel acknowledged giving misadvice and the written plea form and plea colloquy supports that assertion of misadvice; and 2) the plea colloquy was defective because there was no mention of a minimum sentence, PRR sentencing, or the unavailability of a downward departure. Florida Rule of Criminal Procedure 3.170(f) provides: “The court ...
 
 shall
 
 on good cause, at any time before a sentence, permit a plea of guilty or no contest to be withdrawn .... ” (emphasis added). It appears from the record good cause was shown. Motions to withdraw a plea prior to sentence “must be liberally construed in favor of the defendant, as the law favors a trial on the merits.”
 
 Rappoport v. State,
 
 24 So.3d 1211, 1213 (Fla. 4th DCA 2009).
 

 In
 
 Thornton v. State,
 
 747 So.2d 439 (Fla. 4th DCA 1999), this court reversed the denial of a motion to withdraw plea based on findings that the trial court failed to inform the defendant during the plea colloquy of potential mandatory minimum penalties. Although in this case the
 
 written
 
 plea form contained a statement that the minimum penalty was five years, the same written plea form also said Ketterer could ask for a downward departure, which is not accurate. During the colloquy, the judge said nothing
 
 orally
 
 about a minimum sentence, and she
 
 orally
 
 said the defense would be asking for a downward departure, which is not legally permitted for someone subject to PRR sanctions. The judge never orally advised Ketterer that he was subject to PRR sanctions, and there was nothing in the written plea form to put him on notice that he faced PRR sanctions. It is true that at the very end of the plea hearing the State said, “Just to
 
 *1019
 
 let the Court know, he’s PRR on Count 2.” However, there is nothing in the record to show that Ketterer would know what “PRR” meant. Thus, the plea colloquy in this case was deficient.
 

 Ketterer also contends on appeal that the written sentence for resisting an officer with violence filed in this case imposes an illegal sentence of five years and a day, which the State concedes was error. We reverse the sentence on the resisting arrest charge because it imposes an impermissible time period. § 775.082(9)(a)3.d., Fla. Stat. (2008).
 

 Reversed and remanded.
 

 TAYLOR and HAZOURI, JJ., concur.