WARNER, J.,
concurring specially.
I concur in reversing for an evidentiary hearing as to whether conflict-free counsel should be appointed in accord with Sheppard v. State, 17 So.3d 275 (Fla.2009). The plea colloquy does not conclusively refute the appellant’s allegations that there was an adversarial relationship between appellant and his counsel or that the attorney in essence withheld documents and information from him forcing him into a plea. These allegations require a Sheppard hearing. See Carter v. State, 22 So.3d 793 (Fla. 1st DCA 2009).
Generally, in plea colloquies the trial court asks the defendant whether he/she is satisfied with the services of his/her attorney. A “yes” response to that question would conclusively refute subsequent allegations of difficulties and coercion. The trial court in this case did not ask that question or any questions touching on the defendant’s representation. Therefore, the record does not conclusively refute the allegations of conflict or of withholding key information regarding appellant’s defense.