WARNER, J.
We affirm the trial court’s denial of appellant’s motion to withdraw her plea prior to sentencing on the charges of grand theft at a construction site and trespass at the site. She sought to withdraw the plea when her co-defendant, who had absconded, was arrested and placed in custody. Her attorney told the court that the co-defendant would provide testimony as to the nature of the property taken and the lack of a proper warning against trespass, and had appellant known that the co-defendant would be available, she would have gone to trial. The trial court, however, determined that she had not shown good cause to withdraw her plea.
In State v. Braverman, 348 So.2d 1183, 1186 (Fla. 3d DCA 1977), the court discussed the requirements of good cause to withdraw a plea prior to sentencing:
It is the established law of this state that a plea of guilty or nolo contendere should be entirely voluntary by one competent to know the consequences, and should not be induced by fear, misapprehension, undue persuasion, promises, mistake, fraud, inadvertence or ignorance. A defendant should be permitted to withdraw a plea of guilty or nolo contendere prior to sentencing where it is the least evident that the plea was infected by any of the above influences or was entered by one not competent to know its consequences or was otherwise involuntary, or where it appears that the ends of justice would be served by the withdrawal of such a plea. The defendant has the burden of establishing one of the above grounds in order to be entitled to withdraw his guilty or nolo contendere plea.
(Citations omitted). In Braverman, the defendant sought to withdraw his plea based upon newly discovered evidence. The court rejected this as a ground for withdrawal:
This newly discovered evidence in no way relates to any of the established grounds for setting aside a nolo conten-dere plea prior to sentencing under *502 Florida law. It fails to establish that the pleas were not freely and voluntarily entered by one competent to understand its consequences. It fails to establish that the pleas were induced by fear, misapprehension, undue persuasion, promises, mistake, fraud or ignorance. It fails to establish that the ends of justice would be served by permitting the pleas to be withdrawn.
[[Image here]]
Ordinarily, newly discovered evidence cannot constitute a ground for withdrawing a nolo contendere or guilty plea pri- or to sentencing since it in no sense relates to whether the plea was entered freely and voluntarily with full knowledge of its consequences or was induced by some improper influence. Only upon a showing that the ends of justice would be served can newly discovered evidence constitute a basis for withdrawing such pleas prior to sentencing. We believe that such a showing should be reserved to those cases where evidence has been uncovered subsequent to the plea which raises a substantial question as to the guilt or innocence of the defendant. Our law should never be so inflexible that a showing of innocence would be to no avail in withdrawing a nolo contende-re or guilty plea prior to sentencing.
Id. at 1187-88 (emphasis supplied). Although the absent co-defendant is not exactly newly discovered evidence, we think the same principles applied in Braverman are applicable here.
In this case we cannot say that the ends of justice require the trial court to allow withdrawal of the plea. Appellant was charged with grand theft on a construction site. § 812.014(2)(c)10., Fla. Stat. That section does not require any minimum value of the property stolen. Even though the appellant was charged with stealing a minimal amount of rebar, it still constitutes a felony of the third degree. Trespass on a construction site requires the posting of signs warning that it is a construction site. However, appellant’s defense that the posting was not visible could have been proved both by her own testimony and other evidence. When she requested to withdraw her plea, she did not proffer the co-defendant’s testimony, nor was it apparent that the co-defendant was ready and willing to testify on appellant’s behalf.
Appellant was not under any misapprehension when she entered her plea and received a very favorable sentencing recommendation. While she may have been mistaken that her co-defendant could not be found at all, she did not show that his testimony would show that she was innocent of the charges. Therefore, she did not prove that withdrawal of her plea was necessary to serve the ends of justice.
We cannot say that the trial court abused its discretion in denying the motion to withdraw the plea.

Affirmed.

STEVENSON, J., concurs.
POLEN, J., dissents with opinion.