IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ERNEST ARCHIE,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-5298

Opinion filed October 6, 2015.

An appeal from the Circuit Court for Escambia County.
Edward P. Nickinson, III, Judge.

Jeffrey E. Lewis, Regional Counsel, Office of Criminal Conflict & Civil Regional Counsel, and Michael J. Titus, Assistant Regional Conflict Counsel, Tallahassee, and Ernest Archie, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Giselle D. Lylen, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

      Ernest Archie appeals the denial of the amended motion to withdraw plea he

filed <u>pro se</u>, pursuant to Florida Rule of Criminal Procedure 3.170(*l*), less than

thirty days after his sentence was pronounced. The appeal proceeded as one from the denial of a 3.800(a) motion until we entered an order treating it as a direct appeal from a guilty or nolo contendere plea pursuant to Florida Rule of Appellate Procedure 9.140(b)(2). See Padgett v. State, 743 So. 2d 70, 73 (Fla. 4th DCA 1999). Upon the state's request, we relinquished jurisdiction to the trial court for the appointment of counsel. We now dismiss the appeal based on the jurisdictional concerns raised by regional conflict counsel in a motion for clarification.

Appellant was charged with introducing contraband (a cell phone) into a county detention facility. While represented by privately retained counsel, he pleaded no contest to the contraband charge on April 21, 2014. Privately retained counsel's motion to withdraw from the case was granted the day of the plea. After his original counsel withdrew, Mr. Archie was represented in the trial court, first by the public defender's office, and then by the regional conflict counsel office. But at his June 6, 2014 sentencing, his original, privately retained counsel was the only attorney present on his behalf.

Even though the trial court had granted his motion to withdraw, appellant's original counsel stated: "I have decided to go ahead and go forward -- I've talked -- for sentencing purposes, if that's okay with the Court." Mr. Archie did not express (nor was he asked to express) his views on the record.[1] With his original counsel

---

[1] The relevant discussion between appellant's original counsel and the trial

present, appellant was sentenced to sixty months' imprisonment. We note that the trial court was never requested to grant, and did not grant leave to withdraw either to conflict counsel or, after his second appearance, to appellant's original counsel. See Fla. R. App. P. 9.140(d)(1) ("The attorney of record for a defendant in a criminal proceeding shall not be relieved of any professional duties, or be permitted to withdraw . . . until . . . the time has expired for filing an authorized notice of appeal and no such notice has been filed . . . .").

On July 1, 2014, Mr. Archie sought to avail himself of the procedure provided by rule 3.170(*l*) and filed a pro se motion to withdraw his plea. Before the trial court ruled on his motion, appellant filed an amended motion to withdraw

court at the sentencing consisted entirely of the following:

> [ORIGINAL COUNSEL]: Is there an Ernest Archie here?
> [UNIDENTIFIED SPEAKER]: Yes.
> [ORIGINAL COUNSEL]: Your Honor, technically, I was -- the Court granted a -- a motion to withdraw. I have told -- I have decided to go ahead and go forward – I've talked -- for sentencing purposes, if that's okay with the Court.
> I spoke to [conflict counsel] earlier, he indicated he certainly had no problem with me going forward with the sentencing; so, if the Court would grant me leave to go forward--
> [COURT]: If it's -- if Mr. Archie is satisfied to have you, then I certainly am.
> [ORIGINAL COUNSEL]: Thank you, Your Honor.
> We're ready to go forward, Your Honor, as well.

3

plea. He maintained that, based on the misadvice of his original counsel, he had pleaded to a nonexistent crime since the statute prohibiting the introduction of contraband into a county detention facility (§ 951.22(1), Fla. Stat.) did not specifically list a cell phone among the items defined as contraband. See Jordan v. State, 801 So. 2d 1032, 1035 (Fla. 5th DCA 2001) (reversing conviction for nonexistent crime under section 951.22(1) because "by failing to include drug paraphernalia in the list of items that are contraband under the statute, the Legislature intended to exclude it"). In addition, appellant alleged that, after his original counsel had withdrawn, original counsel was permitted to substitute in for the "public defender" at sentencing without his consent. Finally, appellant requested that the trial court "appoint conflict-free counsel to advocate in these proceedings." On September 9, 2014, the trial court summarily denied appellant's pro se motions to withdraw plea.

"[A rule] 3.170(*l*) motion is a 'critical stage' of a proceeding, entitling the defendant to the Sixth Amendment right to representation and assistance of counsel." Tipler v. State, 149 So. 3d 1192, 1193 (Fla. 1st DCA 2014). It is error to deny an unrepresented defendant's pro se motion to withdraw plea without first appointing counsel. See id. ("Because Appellant was completely denied representation and assistance with regard to his motion to withdraw plea, reversal is required."); see also Stephens v. State, 141 So. 3d 701, 702 (Fla. 4th DCA 2014)

4

(reversing denial of pro se motion to withdraw plea and remanding for the trial court "to appoint conflict-free counsel to assist Stephens in drafting his motion" because his counsel had withdrawn prior to the court's ruling on the motion).

In the present case, however, Mr. Archie had counsel by virtue of Florida Rule of Appellate Procedure 9.140(d)(1) when he drafted his pro se motions to withdraw plea and when the motions were considered and eventually denied by the trial court. In Sheppard v. State, 17 So. 3d 275 (Fla. 2009), our supreme court established a "procedure trial courts should follow when a represented defendant files a pro se rule 3.170(l) motion based on allegations giving rise to an adversarial relationship such as counsel's misadvice, misrepresentation, or coercion that led to the entry of the plea." Id. at 286–87. Under these circumstances, the supreme court said:

> [T]he trial court should hold a limited hearing at which the defendant, defense counsel, and the State are present. If it appears to the trial court that an adversarial relationship between counsel and the defendant has arisen and the defendant's allegations are not conclusively refuted by the record, the court should either permit counsel to withdraw or discharge counsel and appoint conflict-free counsel to represent the defendant.

Id. at 287 (emphasis added) (footnote omitted). If a represented defendant files a pro se rule 3.170(l) motion based on allegations of counsel's misadvice, misrepresentation, or coercion "and the allegations are not conclusively refuted by the record, the trial court is required to hold a limited hearing" to determine

whether an adversarial relationship exists between the defendant and counsel. Nelson v. State, 18 So. 3d 1190, 1191 (Fla. 1st DCA 2009). If the trial court is not required to appoint conflict-free counsel under Sheppard, then "its only option is to strike the [pro se pleading] as a nullity." Id. The trial court's order in the present case cited Sheppard and Nelson, but stated (whether accurately or not, we need not decide) there was no need for a limited hearing to determine whether there was an adversarial relationship between appellant and his counsel because appellant's "allegations [we]re refuted by the record of the plea and sentencing hearings." The order also advised appellant that he had "30 days to file an appeal, if he so chooses."

Rather than filing a notice of appeal within thirty days of the denial of his motion to withdraw plea which resulted in rendition of the sentencing order, see Fla. R. App. P. 9.140(b)(3) (providing a defendant 30 days "following rendition of a written order imposing sentence" to file a notice of appeal), Mr. Archie filed an unauthorized, pro se motion for rehearing. Bridges v. State, 863 So. 2d 366, 366 (Fla. 5th DCA 2003) ("[T]here is no authority under Florida Rule of Criminal Procedure 3.170(*l*) or Florida Rule of Appellate Procedure 9.020(h) [9.020(i), as amended], for filing a motion for rehearing of an order denying a motion to withdraw plea[]."); see Grant v. State, 102 So. 3d 668, 668–69 (Fla. 1st DCA 2012). Only after the trial court denied Mr. Archie's motion for rehearing did he

6

file a notice of appeal challenging the denial of his motion for rehearing, a non-appealable order. In addition, the notice of appeal was filed on October 30, 2014—more than thirty days after the September 9, 2014 denial of his timely motions to withdraw plea, motions which stayed rendition of his June 6, 2014 written judgment and sentence. See Fla. R. App. P. 9.020(i), (i)(1). Because the motion for rehearing was unauthorized, it did not toll the time for filing a notice of appeal. See Bridges, 863 So. 2d at 366. Mr. Archie's notice of appeal was untimely to seek review of the trial court's denial of his motions to withdraw plea. We must therefore dismiss the present appeal for lack of jurisdiction. See id.

Dismissed.

LEWIS and THOMAS, JJ., CONCUR; BENTON, J., CONCURS WITH OPINION.

BENTON, J., concurring.

By filing his pro se, unauthorized motion for rehearing, rather than a timely notice of appeal through counsel, appellant failed to perfect an appeal and lost the ability to obtain review of the issues raised in his motion to withdraw plea. Our dismissal today is without prejudice to Mr. Archie's filing a petition for belated appeal in this court. Appellant, who was represented at the time he filed his pro se motion for rehearing, may be entitled to a belated appeal. See Fla. R. App. P. 9.141(c)(4)(F)(i) ("A petition seeking belated appeal must state whether the petitioner requested counsel to proceed with the appeal and the date of any such request, or if the petitioner was misadvised as to the availability of appellate review or the status of filing a notice of appeal."); see generally Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000) (holding that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing").