DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BURTON P. LONG,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-673

[June 22, 2016]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Lawrence M. Mirman, Judge; L.T. Case No. 432015CF000208A.

Carey Haughwout, Public Defender, and Benjamin Eisenberg, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

CONNER, J.

Appellant, Burton Long, appeals the trial court's denial of his motion to withdraw his plea prior to sentencing. Among his arguments on appeal, Appellant asserts that newly discovered impeachment evidence concerning the State's primary witness raised a substantial question as to Appellant's guilt or innocence. We agree, and reverse.

*Factual Background and Trial Court Proceedings*

Appellant was charged by amended information with possession of more than twenty grams of cannabis and possession with intent to sell cannabis. The matter proceeded to a jury trial, where the State's primary witness was a confidential informant ("CI"). We summarize the evidence presented at trial. The CI was working off a second degree felony cocaine charge when he sought to set up a purchase of cannabis from Appellant. The law enforcement's plan for the bust was that the CI was to solicit Appellant to purchase a specific amount of cannabis, the police were to follow the CI to a meeting location with Appellant, and then arrest

Appellant in possession of cannabis with intent to sell it. However, according to the CI, Appellant showed up with less than the agreed-upon amount of cannabis. Therefore, the CI drove with Appellant to get the agreed-upon amount of cannabis. The police were tailing the car. The CI drove into a neighborhood. The nature of the neighborhood was such that the police could no longer tail the car because the tail would be conspicuous and possibly alert Appellant to the police presence. Later, after Appellant's arrest, the CI told police that, when he and Appellant were in the neighborhood, Appellant retrieved a half pound of cannabis from the woods. According to the CI, this was the cannabis that was later found in the CI's car, along with Appellant. The defense disputed the veracity of the claim that Appellant retrieved the cannabis. Rather, the defense claimed that the CI, acting on motive to make cases, essentially framed Appellant when the police were not looking.

The trial resulted in a hung jury. The trial court granted a mistrial, and the case was re-set for the following Monday. When Appellant's case was re-called on the following Monday, Appellant changed his plea to no contest and requested a sentencing date. The trial court performed a plea colloquy and accepted Appellant's plea as freely, knowingly, and voluntarily made.

Approximately three weeks prior to the sentencing hearing, Appellant moved to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170(f). The basis for Appellant's motion was that, unbeknownst to him, the informant—who was the State's primary witness—had been arrested on multiple charges, including trafficking in cocaine, two days prior to Appellant entering his plea. The motion argued that the informant was the only eyewitness to testify that Appellant was in actual possession of narcotics, an issue that was highly contested by the defense. Appellant asserted that, at the time he entered his plea, he was completely unaware that the informant had just been arrested on felony charges and that, had he been made aware of that fact, he would not have entered his plea, and would have instead proceeded to trial where defense counsel would have been entitled to impeach the informant on his new arrest.

At the hearing on Appellant's motion, Appellant testified consistent with the contentions in his motion. The defense further argued that, because the informant was the only witness that could testify that Appellant was in actual possession of any narcotics, anything that weighed on the informant's credibility was critical and material to Appellant's case.

The trial court denied Appellant's motion, reasoning, in part, that Appellant's claim was that of newly discovered evidence, which was simply

*cumulative* impeachment evidence. Appellant was later sentenced to eighteen months imprisonment in accordance with his negotiated plea. Appellant gave notice of appeal.

*Appellate Analysis*

"A trial court's denial of a motion to withdraw a plea is generally reviewed under an abuse of discretion standard." *Ketterer v. State*, 69 So. 3d 1016, 1018 (Fla. 4th DCA 2011). Pursuant to Florida Rule of Criminal Procedure 3.170(f), "[t]he court *may* in its discretion, and *shall on good cause,* at any time before a sentence, permit a plea of guilty or no contest to be withdrawn." (emphasis added). We have held that "[m]otions made before a sentence 'must be liberally construed in favor of the defendant, as the law favors a trial on the merits.'" *Rappaport v. State*, 24 So. 3d 1211, 1213 (Fla. 4th DCA 2009) (quoting *Johnson v. State,* 971 So. 2d 212, 216 (Fla. 4th DCA 2008)). "'In order to show cause why the plea should be withdrawn, mere allegations are not enough; the defense must offer proof that *the plea was not voluntarily and intelligently entered.*'" *Id.* (quoting *Robinson v. State,* 761 So. 2d 269, 274 (Fla. 1999)) (emphasis added).

In this case, Appellant moved to withdraw his plea well before sentencing. Generally, however, "newly discovered evidence" is not a ground for permitting the withdrawal of a plea prior to sentencing because newly discovered evidence does not relate to whether the plea was freely and voluntarily entered. *Berry v. State*, 106 So. 3d 500, 501-02 (Fla. 4th DCA 2013) (citing *State v. Braverman,* 348 So. 2d 1183, 1186 (Fla. 3d DCA 1977)). However, there is an exception to this rule. We have explained that:

> Only upon a showing that the ends of justice would be served can newly discovered evidence constitute a basis for withdrawing such pleas prior to sentencing. *We believe that such a showing should be reserved to those cases where evidence has been uncovered subsequent to the plea which raises a substantial question as to the guilt or innocence of the defendant.* Our law should never be so inflexible that a showing of innocence would be to no avail in withdrawing a nolo contendere or guilty plea prior to sentencing.

*Id.* at 502.

Appellant argues that, in this case, the impeachment evidence raises a substantial question regarding his guilt or innocence since the informant's credibility was central to the defense. Further, Appellant asserts that the

3

ends of justice would not be served by forcing him to honor his plea under the circumstances—where he had already taken his case to a trial which was sufficiently close such that it resulted in a hung jury.

As Appellant points out, not only would the impeachment evidence be admissible, but the evidence would also be sufficient to raise a substantial question as to Appellant's guilt or innocence, where the informant was the State's primary witness and the sole witness who allegedly observed Appellant commit the offense, placing his credibility at the forefront. This case is therefore distinguishable from *Berry* and *Braverman*, which the trial court cited in denying Appellant's motion.

In *Braverman*, the defendant entered pleas of no contest to two of his charges, and then, prior to sentencing, sought to withdraw them based upon newly discovered evidence of a letter from a co-defendant to her attorney stating that the arresting police officers did not announce their authority upon entering the apartment where the arrest of the defendant occurred. *Braverman*, 348 So. 2d at 1187. The trial court granted the motion to withdraw over the State's objection. *Id.* at 1186. On certiorari review, the Third District determined that the newly discovered evidence failed to establish any grounds for setting aside the plea where the letter from the co-defendant and testimony of her counsel concerning the contents of the letter were inadmissible hearsay in any trial of the defendant. *Id.* at 1187. In addition to being inadmissible, the evidence in no way raised a serious question as to the guilt or innocence of the defendant on the charge of sale or delivery of a controlled substance, and the defendant made no contention to the contrary. *Id.* The Third District further noted that the letter and counsel's testimony concerning its contents did not even remotely amount to confessions or admissions to the crimes for which the defendant was charged. *Id.* Thus, due to the inadmissibility of the newly discovered evidence, as well as the scant probative value, the Third District found the evidence insufficient to constitute grounds for permitting withdrawal of the plea. *Id.* at 1188.

Unlike *Braverman*, the newly discovered evidence in this case—particularly, the informant's arrest for trafficking in cocaine—is admissible and appears to be valuable impeachment evidence against the informant. Furthermore, as Appellant points out, under the specific facts of this case and the defense theory, the informant's new arrest for trafficking in cocaine would be admissible for the additional purpose of showing that he had access to drugs to plant in Appellant's car.

*Berry* is likewise distinguishable from this case. In *Berry*, the trial court denied the defendant's motion to withdraw her plea prior to sentencing on

the charges of grand theft at a construction site and trespass. *Berry*, 106 So. 3d at 501. The defendant sought to withdraw the plea when her co-defendant, who had absconded, was arrested and placed in custody. *Id.* The basis for the defendant's motion to withdraw was that the co-defendant would provide testimony as to the nature of the property taken and the lack of a proper warning against trespass, and that, had defendant known that the co-defendant would be available, she would have gone to trial. *Id.* However, we reasoned that the defendant was charged with grand theft on a construction site under section 812.014(2)(c)10., Florida Statutes, which did not require any minimum value of the property stolen; thus, testimony of the nature of the property taken would not have been necessary for the defendant's case to show guilt or innocence. *Id.* at 502. Additionally, the defense that the trespass sign posting was not visible could have been proven both by the defendant's own testimony and other evidence. *Id.* Moreover, the defendant failed to proffer the co-defendant's testimony, nor was it apparent that the co-defendant was ready and willing to testify on the defendant's behalf. *Id.* For all of these reasons, we found that the defendant was not under any misapprehension when she entered her plea and received a very favorable sentencing recommendation. *Id.* We explained that, "[w]hile she may have been mistaken that her co-defendant could not be found at all, she did not show that his testimony would show that she was innocent of the charges." *Id.* As such we concluded that the defendant did not prove that withdrawal of her plea was necessary to serve the ends of justice. *Id.*

In this case, however, again, the evidence of the informant's arrest posed valuable impeachment evidence against the State's primary witness and only witness who allegedly observed Appellant commit the offenses, in addition to providing support to the defense theory that the informant framed Appellant—where his pending offense would be admissible to show that he may have had access to drugs to plant in Appellant's car.

Therefore, we hold that, under the facts of this case, the newly discovered impeachment evidence concerning the State's primary witness raised a substantial question as to Appellant's guilt or innocence sufficient to permit the withdrawal of the plea prior to sentencing. Accordingly, we reverse the trial court's ruling denying Appellant's motion to withdraw his plea and remand for a new trial on the merits.

TAYLOR and MAY, JJ., concur.

\*          \*          \*

*Not final until disposition of timely filed motion for rehearing.*

5