DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GIOVANI GUERRA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-1692

[January 12, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John J. Murphy III, Judge; L.T. Case No. 16-5741CF10A.

Antony P. Ryan, Director of Office of Criminal Conflict and Civil Regional Counsel, and Paul O'Neil, Assistant Regional Counsel, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Giovani Guerra's initial brief challenges two trial court orders. "Multiple final orders may be reviewed by a single notice, if the notice is timely filed as to each such order." Fla. R. App. P. 9.110(h).

The first order was rendered on March 8, 2021 and denied Appellant's *pro se* motion for jail credit. Appellant's notice of appeal did not address this order, though Appellant argued for reversal of that order in his initial brief. Nonetheless, as the notice of appeal was filed on May 21, 2021, we must dismiss the appeal of the March 8 order due to its untimeliness. Fla. R. App. P. 9.110(b) ("Jurisdiction of [the appellate court] . . . shall be invoked by filing a notice . . . within 30 days of rendition of the order to be reviewed . . . ."); *see also Jenkins v. State*, 268 So. 3d 931, 932 (Fla. 5th DCA 2019) (holding that, even if an appellate court "ignores [a] misnomer and treats [the defendant's] notice of appeal consistent with the substance of his initial brief," the appeal must be dismissed because it was untimely filed).

The notice of appeal and initial brief also contest a second order, rendered on May 17, 2021, wherein the trial court denied Appellant's post-sentencing rule 3.170(*l*) motion to withdraw his plea of guilty to four counts of lewd and lascivious molestation by a person over eighteen on a person less than twelve years old pursuant to section 800.04(5)(b), Florida Statutes (2020).  The appeal of this order was timely filed.

"A trial court's denial of a motion to withdraw a plea is generally reviewed under an abuse of discretion standard."  *Long v. State*, 194 So. 3d 539, 541 (Fla. 4th DCA 2016) (quoting *Ketterer v. State*, 69 So. 3d 1016, 1018 (Fla. 4th DCA 2011)).

Appellant maintains his plea was involuntary because his former counsel erroneously advised him that he would be eligible for gain time. At the evidentiary hearing on the motion to withdraw plea, Appellant's former counsel did not present any testimony disputing the allegation that he erroneously advised Appellant that he would be eligible for gain time. Additionally, Appellant's former counsel acknowledged that at the time of the plea, he was unaware section 944.275(4)(e), Florida Statutes (2020), prohibits incentive gain time for defendants convicted of lewd and lascivious molestation by a person over eighteen on a person less than twelve years old.

In denying Appellant's motion to withdraw his plea, the trial court cited *Smith v. State*, 126 So. 3d 397, 400 (Fla. 4th DCA 2013) for the proposition that counsel had no duty to advise his client regarding gain time eligibility because it is a collateral consequence.  However, *Smith* dealt with failure to advise of a collateral consequence of a plea.  The instant case involves affirmative misadvice, which may render a plea involuntary.  *See Hernandez v. State*, 204 So. 3d 128, 130 (Fla. 4th DCA 2016).

In a similar situation to the instant case, our sister court held, "[e]ven though counsel's advice to [the defendant] was based on counsel's honest misunderstanding of the gain time statutes, [the defendant] is entitled to withdraw his plea because he entered it in reliance on counsel's misadvice." *Cornett v. State*, 922 So. 2d 297, 299 (Fla. 2d DCA 2006).  *See also State v. Leroux*, 689 So. 2d 235, 237 (Fla. 1996) ("This Court and all of the district courts have long recognized that a defendant may be entitled to withdraw a plea entered in reliance upon his attorney's mistaken advice about sentencing."); *Lundgren v. State*, 581 So. 2d 206, 206–07 (Fla. 1st DCA 1991) (holding that the defendant was permitted to withdraw his plea because his counsel affirmatively misadvised him that he would be eligible for gain time).

As it was undisputed that Appellant's counsel had mistakenly misadvised Appellant regarding gain time eligibility, the trial court erred in denying the motion to withdraw plea. Accordingly, the May 17, 2021 order is reversed, and the case remanded to the trial court with instructions to permit Appellant to withdraw his plea.

*Dismissed in part, reversed in part, and remanded with instructions.*

MAY and GERBER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3