DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TIMOTHY B. HASBROUCK,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-2791

[June 20, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Steven Joel Levin, Judge; L.T. Case No. 562023CF000902A.

Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

***ON CONFESSION OF ERROR***

PER CURIAM.

The defendant appeals from his convictions and sentences for four separate burglaries of unoccupied commercial structures. He entered an open no contest plea to all charges, which the trial court accepted. However, prior to the trial court's pronouncement of any sentence, defense counsel announced that the defendant wished to withdraw his plea. The trial court denied the request without a hearing on grounds that the defendant failed to submit his motion in writing.

The defendant raises as his only issue on appeal that the trial court committed reversible error by summarily denying his oral motion to withdraw his plea prior to imposition of the sentences for his convictions. We agree, accept the State's concession of error on this issue, and reverse the defendant's judgment of conviction and sentence. *See* Fla. R. Crim. P. 3.170(f) ("The court may in its discretion, and shall on good cause, at any time before a sentence, permit a plea of guilty or no contest to be withdrawn[.]"); *Gould v. State*, 263 So. 3d 289, 290 (Fla. 5th DCA 2019)

(explaining that the trial court reversibly erred by summarily denying defendant's ore tenus motion to withdraw plea prior to sentencing on the grounds that motion was not made in writing); *see also Ketterer v. State*, 69 So. 3d 1016, 1018 (Fla. 4th DCA 2011) ("Oral motions to withdraw a plea prior to sentencing are allowed."). On remand, the trial court is directed to allow the defendant to be heard on his motion. *See Gould*, 263 So. 3d at 290 (remanding for the trial court to conduct a hearing on defendant's request to withdraw his plea).

*Reversed and remanded with instructions.*

CIKLIN, GERBER and ARTAU, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***

2